978 S.W.2d 716 (1998)
TRANSPORTACION ESPECIAL AUTORIZADA, S.A. DE C.V., Appellant,
v.
SEGUROS COMERCIAL AMERICA, S.A. DE C.V., Appellee.
No. 03-98-00068-CV.
Court of Appeals of Texas, Austin.
October 15, 1998.
Rehearing Overruled November 30, 1998.
*718 J. Alberto Alarcon, Hall, Quintanilla & Alarcon, L.C., Laredo, for Appellant.
Dana K. Martin, Hill Rivkins Loesberg O'Brien, Mulroy & Hayden, Houston, for Appellee.
Before POWERS, KIDD and B.A. SMITH, JJ.
BEA ANN SMITH, Justice.
This is an interlocutory appeal arising out of the trial court's denial of a special appearance in a case involving the loss of merchandise being transported from Austin, Texas to Mexico City, Mexico. The question presented is whether a Texas court can assert personal jurisdiction over a Mexican transportation company that contracts with companies in Texas to ship merchandise between Mexican cities. Appellant Transportacion Especial Autorizada, S.A. de C.V. made a special appearance challenging the trial court's personal jurisdiction. After a hearing on the issue, the trial court denied Transportacion Especial's special appearance. We will affirm.

BACKGROUND
On October 21, 1996, Transportacion Especial issued a bill of lading to transport 184 cases of video equipment and electronics from Austin to Mexico City. The merchandise was moved from Austin to Nuevo Laredo, Mexico by several other freight carriers. Transportacion Especial only shipped the merchandise from Nuevo Laredo to Mexico City.
First Air Express, Inc. hauled the equipment from Austin to Texas Forwarding Services, Inc.'s warehouse in Laredo, Texas. Texas Forwarding is a Texas corporation that serves as a forwarding agent for a Mexican customs broker. Texas Forwarding verified, inspected, and classified the merchandise for import into Mexico, and then delivered it to a local cartage company in Laredo. The local cartage company carried the cargo through Mexican customs and delivered it to Transportacion Especial in Nuevo Laredo. Transportacion Especial then transported the goods to their destination in Mexico City.
When the shipment arrived in Mexico City, the owner discovered that some of the merchandise *719 was missing and filed a claim for the loss with its insurer, appellee Seguros Comercial America S.A. de C.V. Seguros Comercial is a Mexican insurance company. Seguros Comercial paid the claim and sued two of the carriers, Texas Forwarding and Transportacion Especial, for the loss. Transportacion Especial made a special appearance challenging the trial court's personal jurisdiction. After a hearing, the trial court denied Transportacion Especial's special appearance.

DISCUSSION
A Texas court may exercise personal jurisdiction over a nonresident defendant if the following conditions are met: (1) jurisdiction is authorized by the Texas long-arm statute, and (2) the exercise of jurisdiction is consistent with federal and state due process standards. Nikolai v. Strate, 922 S.W.2d 229, 233 (Tex.App.-Fort Worth 1996, writ denied) (citing Schlobohm v. Schapiro, 784 S.W.2d 355, 356 (Tex.1990)). The Texas long-arm statute extends personal jurisdiction to nonresident defendants "doing business" in Texas. Id. The nonresident defendant's "business" in Texas may subject it to two kinds of personal jurisdiction, specific and general. Specific jurisdiction may be imposed when the cause of action "arises out of" the nonresident defendant's contacts with the state. See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Even if the cause of action does not arise out of the nonresident defendant's contacts with the forum state, the state can adjudicate all matters before the court if the nonresident defendant has continuous and systematic contacts with the state. Id. at 414-16, 104 S.Ct. 1868; Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 227-28 (Tex.1991).
The Texas long-arm statute allows Texas courts jurisdiction to the full extent permitted by the United States Constitution. Guardian Royal, 815 S.W.2d at 226. The only limitations placed on Texas courts in asserting personal jurisdiction over a nonresident defendant are those imposed by the Due Process Clause of the Fourteenth Amendment. See Helicopteros, 466 U.S. at 413-14, 104 S.Ct. 1868. Due process requires a showing that the nonresident defendant has purposefully established "minimum contacts" with Texas and that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Guardian Royal, 815 S.W.2d at 230-31.
A nonresident defendant challenging personal jurisdiction bears the burden of proof to negate all bases of personal jurisdiction alleged by the plaintiff. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex.1985). In its sole issue on appeal, Transportacion Especial claims that the trial court erred in denying its special appearance because (1) the cause of action against Transportacion Especial occurred in Mexico, and (2) Transportacion Especial maintains no business in Texas and has infrequent contact with Texas businesses. Transportacion Especial further asserts that the trial court's exercise of personal jurisdiction offends the notions of fair play and substantial justice because any judgment from a Texas court would not be enforceable in Mexico, Seguros Comercial could seek relief in Mexico because it is a Mexican corporation, and the cause of action did not accrue in Texas. The trial court did not make findings of fact or conclusions of law on Transportacion Especial's special appearance. Therefore, we must imply all necessary findings of fact in support of the trial court's ruling, and will affirm if the judgment can be upheld on any legal theory that is supported by the evidence. Nikolai, 922 S.W.2d at 240 (citing Clark v. Noyes, 871 S.W.2d 508, 511-12 (Tex. App.-Dallas 1994, no writ)).
In this case, Seguros Comercial asserted the trial court had both specific and general jurisdiction over Transportacion Especial. As stated previously, specific jurisdiction arises when the defendant has undertaken some activities in the forum state from which the plaintiff's cause of action originates. Our review of the record reveals some evidence that Seguros Comercial's *720 claims did arise out of Transportacion Especial's contacts with Texas. Although Transportacion Especial did not take possession of the merchandise until it arrived in Mexico, it issued the bill of lading to ship the electronics equipment from Austin to Mexico City. Thus, the merchandise was transported from Austin to Mexico City under one contract issued by Transportacion Especial, and Transportacion Especial was one of the freight carriers who performed under that contract. Seguros Comercial's claims against Transportacion Especial arose out of that contract. Therefore, we conclude that there is some evidence to support a finding of specific jurisdiction over Transportacion Especial.
Even assuming, however, that the trial court could not exercise specific jurisdiction over Transportacion Especial, there is sufficient evidence to support a finding of general jurisdiction. "General jurisdiction may be asserted when the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state but there are continuous and systematic contacts between a nonresident defendant and the forum state." Id. at 235 (emphasis in original) (citing Helicopteros, 466 U.S. at 414-16, 104 S.Ct. 1868; Schlobohm, 784 S.W.2d at 357). To assume general jurisdiction, we must first determine whether Transportacion Especial has minimum contacts with Texas. The minimum-contacts requirement for a Texas court to exercise general jurisdiction is more demanding, requiring a showing of substantial activities in Texas. See Guardian Royal, 815 S.W.2d at 228; Schlobohm, 784 S.W.2d at 357. The minimum contacts must arise from action or conduct of the nonresident defendant purposefully directed toward the forum state. Nikolai, 922 S.W.2d at 234 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). "Isolated contacts by a nonresident defendant with the forum state or its residents are not sufficient for a court to assume personal jurisdiction over that nonresident defendant." Id.
The evidence is undisputed that Transportacion Especial is a Mexican corporation with its only offices in Mexico; it does not have any employees or representatives in Texas. Transportacion Especial contends that its only contacts with Texas are communications with customs brokers and Texas carriers regarding the receipt of merchandise at Transportacion Especial's facilities in Nuevo Laredo, communications with Texas carriers regarding the use of their equipment in Mexico, and occasional deliveries just inside the Texas border. However, other evidence of "contacts" with Texas was presented at the hearing on Transportacion Especial's special appearance, including the following: (1) receipt of over 150 payments from First Air Express in Austin for shipments originating in Texas and continued business with four or five other Texas carriers for similar numbers of shipments; (2) insurance in Texas covering Transportacion Especial's trucks traveling within twenty-five miles of the Texas border; (3) three or four traffic tickets issued to Transportacion Especial's drivers while in Texas on business for Transportacion Especial; (4) trailer interchange agreements with ten to twelve trucking companies in Texas; (5) a bank account with South Texas National Bank in Laredo used for the purpose of paying expenses incurred in Texas and depositing income paid to Transportacion Especial in U.S. dollars received from its Texas customers; (6) Transportacion Especial's mail being forwarded by Texas Forwarding in Laredo to Transportacion Especial in Mexico; and (7) travel to Texas to solicit business from Texas companies.
We find sufficient evidence of continuous and systematic contacts with Texas. Transportacion Especial has direct contact with Texas carriers and sends representatives to Texas to solicit business. Testimonial evidence at the hearing on Transportacion Especial's special appearance indicates that half of Transportacion Especial's business comes from imports crossing the Texas border. Transportacion Especial continues to make purposeful and deliberate contact with Texas carriers to ensure continued business originating in Texas. Transportacion Especial further invests in its business from Texas by maintaining a bank account in Laredo to deposit payments in U.S. dollars and by purchasing *721 insurance in Texas to cover its trucks when they cross the Texas border to make deliveries or drop off empty trailers from Texas carriers. On the basis of this evidence, we conclude that the trial court could have found that Transportacion Especial has purposefully established and maintained minimum contacts with Texas that are continuous and systematic.
Having concluded that the trial court's exercise of personal jurisdiction in these circumstances withstands a minimum contacts analysis, we next must determine whether this exercise of jurisdiction comports with fair play and substantial justice. See Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 113-15, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King, 471 U.S. at 476, 105 S.Ct. 2174; Nikolai, 922 S.W.2d at 235. Once the "minimum contacts" requirement is established, those contacts must be evaluated in light of other factors to determine whether the exercise of personal jurisdiction comports with "fair play and substantial justice." Nikolai, 922 S.W.2d at 235. Those factors are as follows: "(1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute (including the state's special regulatory interest in areas such as insurance); (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies."[1]Guardian Royal, 815 S.W.2d at 231. See also Asahi, 480 U.S. at 113, 107 S.Ct. 1026; Burger King, 471 U.S. at 477, 105 S.Ct. 2174; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). "Because the minimum contacts analysis now encompasses so many considerations of fairness, it has become less likely that the exercise of jurisdiction will fail a fair play analysis." Schlobohm, 784 S.W.2d at 357-58; see also Nikolai, 922 S.W.2d at 239.
Taking into account the quality, nature, and extent of Transportacion Especial's business in Texas, we conclude that requiring Transportacion Especial, a corporation with half of its business originating in Texas, to submit to the jurisdiction of a Texas court does not offend traditional notions of fair play and substantial justice. See Nikolai, 922 S.W.2d at 239. "Foreseeability" can be a factor in determining whether the defendant has established a substantial connection between itself and the forum state. See Asahi Metal Indus., 480 U.S. at 109-112, 107 S.Ct. 1026; Guardian Royal, 815 S.W.2d at 227. When a nonresident defendant's "conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there," the defendant is placed on notice that it is subject to the state's jurisdiction and the requirements of the Due Process Clause are satisfied. World-Wide Volkswagen Corp., 444 U.S. at 297, 100 S.Ct. 559. Transportacion Especial's business relies extensively on its contacts with Texas. It contracts with Texas businesses, crosses the Texas border to make deliveries, and even solicits business in Texas. In light of Transportacion Especial's frequent contacts in Texas and its substantial dependence on business from Texas, we conclude that Transportacion Especial should reasonably anticipate being haled into a Texas court.
Seguros Comercial seeks damages from both Transportacion Especial and Texas Forwarding for merchandise lost during a single shipment from Texas to Mexico. Because Seguros Comercial's claims arise out of this one transaction, it has a substantial interest in pursuing its claims against both transportation companies in one jurisdiction. Requiring Seguros Comercial to pursue its claims against Transportacion Especial and Texas Forwarding in two separate cases in two separate jurisdictions would be inefficient and overly burdensome to Seguros Comercial.
The State of Texas has an interest in promoting business in Texas. A rapidly growing percentage of that business involves the movement of goods across the Texas-Mexico *722 border. Often these goods are insured by foreign insurance companies. If these foreign insurance companies are not able to assert their claims in Texas courts, Texas business suffers.
The North American Free Trade Agreement has resulted in a growing commercial interdependence between Texas and Mexico. Thus, the relationship between the jurisdictions in this case differs significantly from that in Guardian Royal. See 815 S.W.2d at 232-33. Guardian Royal involved a dispute between two non-resident insurance companies. Thus, Texas's special interest in regulating insurance was significantly diminished. Id. at 233. In this case, however, Texas does have an interest in Seguros Comercial's claims against Transportacion Especial because the insured merchandise originated in Texas and was shipped to Mexico under a single transportation contract. Accordingly, we overrule the sole issue presented by Transportacion Especial.

CONCLUSION
Having concluded that the trial court properly exercised personal jurisdiction over Transportacion Especial, we affirm the trial court's order denying Transportacion Especial's special appearance and request to dismiss for lack of personal jurisdiction.
NOTES
[1] Because this dispute involves businesses rather than coequal sovereigns in our federal system, we need not consider factors four and five in this case. Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 232 n. 17 (Tex.1991).