TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00511-CV







Anjum Malik, Individually and as Next Kin of Zeeshan Malik, Hussain Malik,

Aabir Malik and Amrin Malik, Appellant


v.


A. Briggs Passport & Visa Expeditors, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY

NO. 260, 391, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Anjum Malik, individually and as next kin of Zeeshan Malik, Hussain Malik, Aabir
Malik, and Amrin Malik ("Malik"), filed suit in Texas against Barnett Porter Briggs d/b/a A. Briggs
Passport & Visa Expeditors ("Briggs Passport") for failure to deliver visas as promised in time for
the Maliks' Christmas vacation to Pakistan. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7)
(West Supp. 2003); Tex. R. Civ. P. 120a. Briggs filed a special appearance claiming that he and his
sole proprietorship are not residents of Texas and that they do not have sufficient contacts with
Texas to support the exercise of jurisdiction over them. After a hearing on the issue, the trial court
sustained the special appearance. We affirm the trial court's order sustaining the special appearance.


BACKGROUND

 To travel to Pakistan during the 1999 Christmas holidays, Anjum Malik sought to
obtain visas from the Pakistani Consulate General in Los Angeles. Mr. and Mrs. Malik are citizens
of India and their children are American citizens. To facilitate their applications during the busy
holiday period, Malik contacted Briggs Passport, whose name and telephone number appeared in the
classified section of the telephone book under the heading for visa and passport services. Malik
claims that as a consequence of Briggs Passport's inaction and misrepresentation, she received the
visas late, forcing her to incur delay and additional travel expenses. She sued Briggs Passport,
alleging causes of action for breach of contract, fraud, and violation of the Deceptive Trade Practices
Act, Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 2002 & Supp. 2003). As a basis for
jurisdiction, Malik asserted only that the county court at law has jurisdiction because "Defendant 
. . . does business in the State of Texas."

 Briggs filed a special appearance, arguing that his contacts with Texas did not permit
the trial court to exercise personal jurisdiction over him or his business. Specifically, Briggs
contended that he was not subject to the jurisdiction of Texas courts because he is not a resident of
Texas and he and his company have not had sufficient minimum contacts with Texas. See Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citing International Shoe Co. v. Washington,
326 U.S. 310 (1945)).

 Briggs filed a verified special appearance accompanied by an affidavit, asserting that
he is an individual residing in Washington, D.C., and Arkansas, and doing business under the
assumed name of A. Briggs Passport & Visa Expeditors. According to Briggs's sworn motion,
Briggs Passport is in the business of providing services to obtain passports and visas for members
of the general public. Briggs asserted that he is not a resident of Texas and has had no purposeful
contacts with the state. He further averred that his business and residence are in Washington, D.C.,
and that he maintains a residence in Arkansas.

 In her affidavit responding to the special appearance, Malik averred that she found
"A. Briggs in the Yellow pages of the Austin phone directory in the section for 'Passport and Visa
Services.'" After finding the listing, Malik contacted Briggs Passport through the business's 800
number. She then forwarded the family's passports to Briggs Passport's general manager in
November 1999 to obtain visas. The family "ended up not getting Pakistani Visas in the United
States. We had to spend four days of our vacation in New Delhi trying to get Pakistani Visas instead
of spending our Christmas vacation with our relatives in Pakistan."

 In her response to the special appearance, Malik contended that Texas courts could
exercise personal jurisdiction over Briggs Passport based on the listing alone. Malik did not attach
the listing to her affidavit. The parties do not dispute that the listing contains the name and 800-telephone number of A. Briggs. Following a contested hearing, the trial court granted Briggs
Passport's special appearance. No party requested the court to make findings of fact and conclusions
of law. (1)


APPLICABLE LAW

Standard of Review

 The plaintiff bears the initial burden of pleading sufficient allegations to bring a
nonresident defendant within the provisions of the long-arm statute. BMC Software Belgium, N.V.
v. Marchand, 83 S.W.3d 789, 793 (Tex. 2002); McKanna v. Edgar, 388 S.W.2d 927, 930 (Tex.
1965). The plaintiff must allege facts that, if true, would make a nonresident defendant subject to
the personal jurisdiction of a Texas court. Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491,
496 (Tex. 1988). When a plaintiff's pleadings do not specifically allege any acts for personal
jurisdiction, a defendant meets its burden of proof by putting on evidence that it is a nonresident. 
See Siskind v. Villa Found. for Educ., Inc., 642 S.W.2d 434, 438 (Tex. 1982); M.G.M. Grand Hotel,
Inc. v. Castro, 8 S.W.3d 403, 408 (Tex. App.--Corpus Christi 1999, no pet.). A defendant
challenging a Texas court's personal jurisdiction must negate all jurisdictional bases alleged by the
plaintiff. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex. 1985).

 We review the trial court's factual findings for legal and factual sufficiency. BMC
Software, 83 S.W.3d at 794. When a trial court does not issue findings of fact and conclusions of
law with its special appearance ruling, as here, all facts necessary to support the judgment and
supported by the evidence are implied. Id. at 795; Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990). When the appellate record includes the reporter's and clerk's records, these implied findings
are not conclusive and may be challenged for legal and factual sufficiency. BMC Software, 83
S.W.3d at 795; Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). We will affirm if the
judgment can be upheld on any legal theory that is supported by the record. BMC Software, 83
S.W.3d at 794-95.

Personal Jurisdiction

 A Texas court may exercise jurisdiction over a nonresident defendant if the Texas
long-arm statute authorizes the exercise of jurisdiction and the exercise of jurisdiction comports with
due process. Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C., 815 S.W.2d
223, 226 (Tex. 1991); see Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (West 1997). The broad
language of the Texas long-arm statute permits an expansive reach, limited only by the federal
constitutional requirements of due process. Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex.
1990). As a result, we consider only whether it is consistent with federal due process for Texas
courts to assert personal jurisdiction over Briggs Passport. Guardian Royal, 815 S.W.2d at 226.

 The federal due process clause protects a person's liberty interest in not being subject
to binding judgments of a forum with which that person has established no meaningful contacts, ties,
or relations. Burger King, 471 U.S. at 471-72 (citing International Shoe, 326 U.S. at 319). Under
the federal constitutional test of due process, a state may assert personal jurisdiction over a
nonresident defendant only if the defendant has purposefully established minimum contacts with the
forum state and the exercise of jurisdiction comports with traditional notions of fair play and
substantial justice. Id. at 476; CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996).

 The test for minimum contacts is whether Briggs purposefully availed himself of the
privilege of conducting activities in Texas, thereby invoking the benefit and protection of Texas
laws. See Schlobohm, 784 S.W.2d at 357-58. This requirement ensures that a nonresident will be
"haled" into court only as a result of intentional activities, so that it is reasonable for the nonresident
defendant to expect the call of a Texas court. Guardian Royal, 815 S.W.2d at 226; Schlobohm, 784
S.W.2d at 357-58.

 The minimum contacts analysis has been refined into two types of
jurisdiction--specific and general jurisdiction. Because Malik does not contend that general
jurisdiction exists, we will confine our discussion to whether there is specific jurisdiction. Specific
jurisdiction exists when the cause of action arises out of or relates directly to the nonresident
defendant's contacts with the forum state. Guardian Royal, 815 S.W.2d at 230. In such an instance,
the defendant's specific activities must have been purposefully directed toward the forum state. Id.
at 228. Specific jurisdiction is established if the defendant's alleged liability arises from or is related
to an activity conducted within the forum. Id.


ANALYSIS

 In her original petition, to support jurisdiction over Briggs Passport, Malik alleged
only that the defendant "does business in the State of Texas." Malik's pleadings contained no
allegations that Briggs Passport committed any acts in Texas. The petition acknowledged that Briggs
Passport was a foreign "proprietorship" headquartered in Washington, D.C. Malik alleged she could
serve Briggs Passport only through its president, Porter Briggs, at his offices in Washington, D.C.

 In response to Briggs Passport's special appearance, Malik asserted in an affidavit
that she found "A. Briggs" in the yellow pages of the Austin telephone directory in the section for
"Passport and Visa Services" and "called their 800 number." By a sworn amended special
appearance response, Briggs presented evidence that he is a nonresident and further negated other
potential bases of jurisdiction.

 Malik had the initial burden of pleading sufficient allegations to bring Briggs Passport
within the provisions of the long-arm statute. BMC Software, 83 S.W.3d at 793. As the nonresident
defendant, Briggs Passport then had the burden to negate all bases of personal jurisdiction at the
special appearance hearing. Zac Smith & Co. v. Otis Elevator Co., 734 S.W.2d 662, 664 (Tex.
1987); Kawasaki Steel Corp., 699 S.W.2d at 203. Without jurisdictional allegations by the plaintiff,
the defendant can meet its burden of negating all potential bases of jurisdiction by presenting mere
proof that it is a nonresident. BMC Software, 83 S.W.3d at 796; Siskind, 642 S.W.2d at 438.

 At the special appearance hearing, Malik presented her affidavit averring that she
found A. Briggs in the yellow pages of the Austin telephone directory in the section for "Passport
and Visa Services." She further averred: "I then sent our passports for A. Briggs to get us Pakistani
Visas. Because of multiple misrepresentations and mistakes of [an employee of Briggs Passport],
who represented himself to me as the general manager of A. Briggs, we ended up not getting
Pakistani Visas in the United States." Instead, Malik obtained the visas in New Delhi, India.

 The evidence is undisputed that Briggs Passport is a nonresident. But Briggs also
presented his own affidavit as owner that his business is a sole proprietorship with its offices in
Washington, D.C. He further averred that he conducts his business of obtaining passports and visas
for third parties from the Washington, D.C. office. Briggs has never lived in, had an office in, or
conducted business in Texas. Briggs averred that he maintained a website (2) and advertised in the
yellow pages of various telephone books around the country, including the yellow pages in the
telephone book for Austin. There is no allegation that any information transmitted by telephone or
letter gave rise to Malik's claims. See Schlobohm, 784 S.W.2d at 357 ("Where the activities of a
defendant in a forum are isolated or disjointed . . . jurisdiction is proper if the cause of action arises
from a particular activity."); Klenk v. Bustamante, 993 S.W.2d 677, 684 (Tex. App.--San Antonio
1998, no pet.) (no specific jurisdiction in Texas for fraud when plaintiff's allegations did not show
how New York attorney's long-distance telephone conversations with plaintiff were fraudulent or
deceptive). We may not infer jurisdictional facts. McKanna, 388 S.W.2d at 929-30.

 Malik's petition acknowledged that Briggs Passport was a foreign proprietorship with
its office in Washington, D.C. Briggs Passport presented evidence that it was a nonresident. Malik
did not request findings of fact. The trial court concluded that the special appearance should be
sustained. Without findings of fact, it is therefore implied that the trial court made all the findings
necessary to support its judgment. Worford, 801 S.W.2d at 109. The judgment must be affirmed
if it can be upheld on any legal theory that finds support in the evidence. Id. Some additional act
in Texas or one with reasonably foreseeable consequences within the forum is required. BMC
Software, 83 S.W.3d at 797; Siskind, 642 S.W.2d at 438. Absent allegations of specific
jurisdictional acts by Briggs Passport, general allegations that Briggs Passport committed fraud,
deceptive acts, or breach of contract are insufficient to require it to prove more than nonresidency. 
Siskind, 642 S.W.2d at 438.

 Malik did not allege specific facts and did not introduce evidence to support a claim
for jurisdiction based upon the commission of a tort or other cause of action. We hold that because
Malik did not allege any jurisdictional facts or present proof of such facts at the hearing, Briggs
Passport's evidence was sufficient to sustain its burden to negate personal jurisdiction. After
reviewing the uncontroverted evidence submitted on the special appearance, there is some evidence
to support a finding that Briggs Passport is not subject to the jurisdiction of Texas courts. See BMC
Software, 83 S.W.3d at 794-95. In the absence of other contacts with the forum state, we decline
to conclude that specific jurisdiction exists. Accordingly, we agree with the trial court that it lacked
specific jurisdiction over Briggs Passport. We affirm the trial court's judgment granting the special
appearance.


CONCLUSION

 We hold that Malik did not allege sufficient facts to support jurisdiction over Briggs
Passport. Because Briggs Passport did not have sufficient minimum contacts with Texas, we
conclude that the trial court lacked specific jurisdiction. Accordingly, we affirm the trial court's
judgment dismissing the case against Briggs Passport for lack of personal jurisdiction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 27, 2003

1. A trial court need not, but may--within thirty days after the interlocutory order is
signed--file findings of fact and conclusions of law. Tex. R. App. P. 28.1.
2. There is no evidence in the record that the website is anything other than a "passive"
website for which most courts decline to assert the existence of personal jurisdiction. See, e.g., Mink
v. AAAA Dev. LLC, 190 F.3d 333, 336-37 (5th Cir. 1999). In any event, there is no allegation that
the website relates to the causes of action asserted.