NUMBER 13-02-309-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG



 ROBERT S. LEBEN, JM ADVISORY, INC., Appellants, 

AND JM INTERNATIONAL COMMODITY, INC., 



v.




SUSAN TREEN, INDIVIDUALLY AND AS 

REPRESENTATIVE OF THE TREEN FAMILY

FOUNDATION, AND STREEM CO., Appellees.






On appeal from the 148th District Court

of Nueces County, Texas.







M E M O R A N D U M O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)


 Opinion by Chief Justice Valdez

 This is an interlocutory appeal of an order denying a special appearance. Plaintiffs below, Susan Treen, individually and as
representative of the Treen Family Foundation, and Streem Co., alleged that appellants, Robert S. Leben, JM Advisory,
Inc., and JM International Commodity, Inc., fraudulently caused the plaintiffs to invest money in foreign bank securities. 
Essentially, the plaintiffs in Texas invested approximately $210,000 with one of the appellants in California, and the funds
were ultimately transferred into appellants' bank accounts in New York. The trial court denied appellants' special
appearance, and this appeal ensued. We affirm the trial court's judgment.

 Appellants raise three issues on appeal: (1) the trial court erred in admitting into evidence and considering the affidavit of
William DeWitt Alsup; (2) the trial court erred in denying the special appearance; and (3) the trial court erred in entering
certain findings and conclusions which were supported by no evidence or legally insufficient evidence. We address these
issues in a memorandum opinion. See Tex. R. App. P. 47.4.

Standard of Review


 Whether a court has personal jurisdiction over a defendant is a matter of law. BMC Software Belgium, N.V. v. Marchand,
83 S.W.3d 789, 794 (Tex. 2002). But in resolving this question of law, a trial court must frequently resolve questions of
fact. Id. If a trial court enters an order denying a special appearance and issues findings of fact and conclusions of law, we
may review the fact findings on legal and factual sufficiency grounds. Id.  We review the trial court's conclusions of law as
a legal question. Id. 

Jurisdiction


 Texas courts may assert personal jurisdiction over a nonresident defendant only if the Texas long-arm statute authorizes
jurisdiction and the exercise of jurisdiction is consistent with federal and state due process standards. Am. Type Culture
Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002) (citing Guardian Royal Exch. Assur., Ltd. v. English China
Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991)). The Texas long-arm statute reaches as far as the federal constitutional
requirements of due process will allow. Id. Thus, personal jurisdiction over a nonresident defendant is constitutional when
two conditions are met: (1) the defendant has established minimum contacts with the forum state; and (2) the exercise of
jurisdiction comports with traditional notions of fair play and substantial justice. BMC Software, 83 S.W.3d at 795.

 A defendant's contacts with a forum can give rise to either general or specific jurisdiction. Am. Type Culture Collection,
Inc., 83 S.W.3d at 806. General jurisdiction is present when a defendant's contacts are continuous and systematic,
permitting the forum to exercise personal jurisdiction over the defendant even if the cause of action did not arise from or
relate to activities conducted within the forum state. See CSR Ltd. v. Link, 925 S.W.2d 591, 595 (Tex. 1996). General
jurisdiction requires a showing that the defendant conducts substantial activities within the forum, a more demanding
minimum contacts analysis than for specific jurisdiction. Id. In contrast, specific jurisdiction is established if (1) the
defendant's contacts with the forum are purposeful, and (2) the cause of action must arise from or relate to those contacts.
Am. Type Culture Collection, Inc., 83 S.W.3d at 806. 

Affidavit of William DeWitt Alsup


 In their first issue, appellants contend that the trial court erred in admitting into evidence and considering the affidavit of
William DeWitt Alsup. Appellants argue that the affidavit was not served at least seven days before the hearing and was
therefore inadmissible under rule 120(a)(3) of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 120(a)(3) ("The
affidavits, if any, shall be served at least seven days before the hearing, shall be made on personal knowledge, shall set
forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to
testify."). Appellants further object that the affidavit is not based on personal knowledge, does not contain facts, and
contains inadmissible hearsay.

 The affidavit provides, in part:

 [Alsup] is the attorney of record representing the Plaintiffs in this lawsuit and that [Alsup] undertook to make discovery on
behalf of Plaintiffs of Defendant Bradley Nemeth; 



 That Bradley Nemeth initially withheld production of documents including the identity of the persons he allegedly
represented and to whom he disbursed monies from the Plaintiffs pursuant to investment in a scheme presented to Plaintiffs
by Defendants Munoz, Coffey and Nemeth; 



 That Defendant Nemeth produced in response to the Court's Order copies of his bank account records wherein such monies
paid by Plaintiff were received and subsequently disbursed to the Leben group of Defendants compromised [sic] of Robert
S. Leben, JM Advisory, JM International Commodities, Inc. and the Leben Trust; 



 Attached hereto are true and correct photocopies of such records showing such receipts and disbursements; 



 In addition, Defendant Nemeth produced copies of internal office memoranda showing the disbursement orders he
received from the Leben group [of] Defendants; 



 That on August 29, 2001, the undersigned took Defendant Nemeth's sworn deposition by video hookup and Nemeth
testified under oath that the Leben group of Defendants were his clients and that he was following their instructions and
directions in receiving and disbursing the monies that were received and disbursed from his attorney trust account . . . .



In a special appearance proceeding, the trial court has discretion to consider a late-filed affidavit. Giacomini v. Lamping,
42 S.W.3d 265, 269-70 (Tex. App.-Corpus Christi 2001, no pet.). We conclude that appellants have failed to establish that
the trial court abused its discretion in considering the late-filed affidavit. 

 With regard to appellants' other objections, we review the trial court's decision to admit the affidavit under an abuse of
discretion standard. See id. at 270. Again, we conclude that appellants' objections to Alsup's affidavits are not
well-founded, and the trial court did not abuse its discretion in considering the affidavit. Appellants' first issue is overruled.



Special Appearance


 In their second and third issues, appellants argue that the trial court erred in denying the special appearance and in entering
certain findings and conclusions that were supported by no evidence or legally insufficient evidence. We will review the
trial court's denial of the special appearance as a question of law, and will review the trial court's factual findings for legal
sufficiency. BMC Software, 83 S.W.3d at 794.

 In her fourth amended petition, appellee alleged that appellants did business in Texas. More specifically, appellee alleged
that appellants were the "recipient(s) of the funds wrongfully and fraudulently taken from Plaintiffs by the other Defendants
named." According to the pleadings: 

 [T]he causes of action asserted by Plaintiffs arose from or are connected to purposeful acts committed by all Defendant(s)
including JM Advisory, JM International Commodities and Leben Trust and Bradley Nemeth, in the State of Texas because
they sought, solicited and completed transactions with Plaintiffs and other[s] similarly situated to invest or participate with
investment through Defendants and causing sums of money to be transferred by Plaintiffs to Defendants by wire transfer or
other means and disbursed and distributed among the various Defendants in the State of Texas and other locations.



By affidavit filed in support of their special appearance, appellants denied many, but not all, of these allegations. 
Appellants denied, inter alia, that they do business in Texas; that they have offices or agents in Texas; that they own or
control personalty or realty in Texas; that they sought, solicited, or completed transactions with plaintiffs in Texas; that
they made any oral or written agreement with plaintiffs; that they made any representations to plaintiffs or had any
communications with plaintiffs; or that they authorized anyone to solicit investments from plaintiffs. However, appellants
did not deny that they were the "recipient(s) of the funds wrongfully and fraudulently taken from Plaintiffs by the other
Defendants named." 

Analysis


 We begin with the presumption that the court has jurisdiction over the parties. See Kawasaki Steel Corp. v. Middleton, 699
S.W.2d 199, 203 (Tex. 1985); Angelou v. African Overseas Union, 33 S.W.3d 269, 277 (Tex. App.-Houston [14th Dist.]
2000, no pet.). To prevail in a special appearance, a nonresident defendant bears the burden of negating all bases of
personal jurisdiction alleged by the plaintiff. Am. Type Culture Collection, Inc., 83 S.W.3d at 807 (citing Kawasaki Steel
Corp., 699 S.W.2d at 203)); Fish v. Tandy Corp., 948 S.W.2d 886, 891 (Tex. App.-Fort Worth 1997, writ denied). 

 In Texas, personal jurisdiction may be found where a defendant takes part in any aspect of a tortious scheme that impacts
Texas citizens, regardless of a defendant's other links to this State. See Siskind v. Villa Found. for Educ., Inc., 642 S.W.2d
434, 437 (Tex. 1982); Mem'l Hosp. Sys. v. Fisher Invs., 835 S.W.2d 645, 650-51 (Tex. App.-Houston [14th Dist.] 1992, no
writ) (commission of tort causing foreseeable economic injury in Texas sufficient to confer personal jurisdiction); Gen.
Elec. v. Brown & Ross Int'l, 804 S.W.2d 527, 532 (Tex. App.-Houston [1st Dist.] 1990, writ denied) (participant in fraud
scheme could anticipate subsequent litigation, therefore subject to personal jurisdiction); Tex. Commerce Bank v. Interpol
'80 Ltd. P'ship, 703 S.W.2d 765, 771-72 (Tex. App.-Corpus Christi 1985, no writ) (participation in a project that aims to
extract profit from Texas real estate will support specific jurisdiction); see alsoTex. Rev. Civ. Stat. Ann. art. 581-33(F) (2)
(Vernon Supp. 2003) (every person who is a link in the chain of the wrongful sale of securities faces aider liability). When
a party expects to profit from its activities in Texas and receives a benefit from Texas residents and Texas law, that party
can reasonably assume that a Texas court might call. Gen. Elec. Co., 804 S.W.2d at 532. 

 The record evidence is legally sufficient to support the trial court's conclusion that appellants are subject to jurisdiction in
Texas. Appellants directly controlled the receipt and disbursement of funds obtained from appellee in a scheme involving
fraudulent investments in foreign securities. Appellants did not deny that they were the recipients of appellee's funds. The
evidence is sufficient to support a finding that appellants participated in a scheme that caused harm to Texas consumers,
thereby satisfying the requirements for personal jurisdiction. We conclude that appellants are subject to jurisdiction based
on their status as recipients of the funds at issue, or, put another way, as links in the chain in the money trail. See, e.g., Tex.
Rev. Civ. Stat. Ann. art. 581-33(F) (2). We further conclude that the exercise of jurisdiction in this matter comports with
traditional notions of fair play and substantial justice. Guardian Royal, 815 S.W.2d at 228. We overrule appellants' second
and third issues.

 We affirm the trial court's denial of appellants' special appearance.

 

 

 

 



 

 Rogelio Valdez,

 Chief Justice







Retired Justice Dorsey not participating.



Opinion delivered and filed

this 30th day of October, 2003.

 





















1. Retired Justice J. Bonner Dorsey, who had been assigned to this Court by the Supreme Court of Texas pursuant to
section 74.003 of the government code, and whose assignment expired on August 31, 2003,did not participate in this
decision. See Tex. Gov't Code Ann. § 74.003 (Vernon 1998).