Opinion issued June 24, 2004
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00881-CV




MACHINERY MARKETING, INC., Appellant

V.

BREAUX MACHINE WORKS, INC. AND SHAMROCK MACHINERY
COMPANY, Appellees




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2003-07440




MEMORANDUM OPINION

          Appellant, Machinery Marketing, Inc. (MMI), brings this interlocutory,
accelerated appeal from the denial of a special appearance. See Tex. R. Civ. P. 120a;
Tex. Civ. Prac. & Rem. Code § 51.014(a)(7) (Vernon Supp. 2004); see also Tex. R.
App. P. 28.1 (“An appeal from an interlocutory order . . . will be accelerated.”). MMI
is the defendant is the underlying case. Appellee, Breaux Machinery Works, Inc.
(Breaux), had purchased an industrial machine from MMI and sued MMI and
appellee, Shamrock Machinery Company (Shamrock), the broker on the transaction,
claiming that the machine did not conform to specifications. In seven issues, MMI
contends that Breaux’s pleadings were not sufficient to confer jurisdiction, that the
trial court erred by admitting an affidavit into evidence at the rule 120a hearing, that
the evidence is factually insufficient to support the trial court’s findings of fact, and
that exercise of jurisdiction over MMI offends due process. We conclude that Texas
may properly exercise specific, personal jurisdiction over MMI and affirm.
Background
          MMI is a broker and seller of used industrial machines. MMI has been
incorporated as an Illinois corporation since 1997. MMI is not authorized to do
business in Texas and has no agent for service of process in Texas. MMI has no
office in Texas and owns neither real nor personal property in Texas. Breaux and
Shamrock are Texas corporations whose principal places of business are in Harris
County. 
A.      Facts
          MMI maintained an internet website on which it displays machinery for sale. 
Prospective customers could not purchase a machine directly from the website and
had to inquire, either by e-mail or telecopier, about items posted on the website. In
addition, MMI maintained two e-mail mailing lists from which it would broadcast
information to promote sales of its inventory of machines. Broadcasts were always
sent to an entire list, rather than selectively. MMI’s mass advertising e-mails have
been directed to Texas. In addition, MMI advertises in national trade publications,
and MMI is aware that those publications are circulated in Texas. MMI promotes its
products by purchasing mailing lists from a company that would then mail MMI
brochures to those on the lists. During the last seven years, MMI responded to one
telecopier inquiry from Breaux. Between 2001 and 2002, Shamrock also made
inquiries to MMI. One of these resulted in MMI’s selling the machine at issue to
Breaux. MMI had three other sales in Texas during the last seven years, and MMI
has purchased a machine in Texas for resale elsewhere. 
B.      This Litigation
          This case involves three parties. MMI sold the machine to Breaux, the Texas
buyer. The broker, Shamrock, while in Texas, located the machine that Breaux
eventually purchased by responding to an offer by MMI that a Toshiba machine was
available for sale. As described in the offer, the machine was equipped with both
“synchronous tapping” and “through the spindle coolant.” Shamrock made the initial
contact with MMI, and MMI responded to Shamrock’s inquiry by sending a
telecopier communication that included both a quoted price for the machine and a
description of the components of the machine. MMI’s president agreed that, by
sending out a quotation for a machine, MMI offers to sell that machine. 
          Shamrock contacted Breaux about the machine, and Breaux hired Shamrock
to inspect the machine, which was located and had been stored in New Jersey. MMI
eventually became aware that Shamrock would inspect the machine on Breaux’s
behalf. After Shamrock inspected the machine in New Jersey, Breaux placed a
purchase order with MMI from Texas and paid MMI’s invoice. The machine was
disassembled and sent to Breaux in Texas, and Shamrock received a commission from
Breaux.
          After acquiring the machine, Breaux sued both Shamrock and MMI, claiming
violations of the Deceptive Trade Practices—Consumer Protection Act


 on the
grounds that the machine allegedly lacks characteristics specified in MMI’s initial
offer. Shamrock filed a general denial, and MMI filed a rule 120a special appearance
to challenge its amenability to suit in Texas. The trial court conducted an evidentiary
hearing on MMI’s special appearance, in which all parties participated, and at which
MMI’s president testified. MMI appeals the trial court’s order denying the special
appearance. 
 

A.      Standard of Review
          The Texas long-arm statute authorizes exercise of jurisdiction over
nonresidents who “do business” in Texas. Tex. Civ. Prac. & Rem. Code § 17.042
(Vernon 1997). The plaintiff has the initial burden to plead sufficient allegations to
bring a nonresident defendant within the personal jurisdiction of a Texas court. BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 793 (Tex. 2002). The
defendant has the burden of proof to negate all possible grounds for personal
jurisdiction. BMC Software, 83 S.W.3d at 793 (citing Kawasaki Steel Corp. v.
Middleton, 699 S.W.2d 199, 203 (Tex. 1985)). Whether a court has personal
jurisdiction over a defendant is a question of law. BMC Software, 83 S.W.3d at 793;
Silbaugh v. Ramirez, 126 S.W.3d 88, 94 (Tex. App.—Houston [1st Dist.] 2002, no
pet.). 
          Determining whether Texas may properly exercise personal jurisdiction
frequently requires the trial court to resolve preliminary questions of fact. BMC
Software, 83 S.W.3d at 794; Silbaugh, 126 S.W.3d at 94. Accordingly, the trial court
may, but need not, file findings of fact and conclusions of law. Tex. R. App. P. 28.1;
see BMC Software, 83 S.W.3d at 794 (recognizing possibility that trial court may
issue findings and conclusions). When, as here, the trial court files findings of fact
and conclusions of law, and the record contains the reporter’s record of the rule 120a
hearing, we may review the findings of fact on legal and factual sufficiency grounds
and review the conclusions of law de novo as legal questions. BMC Software, 83
S.W.3d at 794; Silbaugh, 126 S.W.3d at 94; see Litton v. Airbus Indus., 934 S.W.2d
754, 757 (Tex. App.—Houston [14th Dist.] 1996, writ denied). We do not review the
conclusions of law for factual sufficiency, but we review the trial court’s legal
conclusions drawn from the facts to determine whether they are correct. BMC
Software, 83 S.W.3d at 794; Silbaugh, 126 S.W.3d at 94. If the trial court’s judgment
is correct, an erroneous conclusion does not require reversal. BMC Software, 83
S.W.3d at 794.
B.      Jurisdiction over Nonresident
          A Texas court may properly assert personal jurisdiction over a nonresident
defendant provided the requirements of both the due process clause of the Fourteenth
Amendment of the United States Constitution and the Texas long-arm statute are
satisfied. Silbaugh, 126 S.W.3d at 94. Personal jurisdiction under the Texas
long-arm statute extends to nonresident defendants who are parties to litigation
arising from or related to business they conducted in Texas. Tex. Civ. Prac. & Rem.
Code Ann. § 17.042; Silbaugh, 126 S.W.3d at 95. When a nonresident enters into
a contract with a Texas resident, by mail or otherwise, and either the nonresident or
the resident is to perform the contract in whole or in part in Texas, the nonresident
“does business” in Texas. Tex. Civ. Prac. & Rem. Code Ann.§ 17.042(1) (Vernon
1997); Silbaugh, 126 S.W.3d at 95. 
          Because the Texas long-arm statute reaches as far as the federal and state
constitutional guarantees of due process allow, the statute is satisfied if the exercise
of personal jurisdiction comports with federal due process. BMC Software, 83
S.W.3d at 795; Silbaugh, 126 S.W.3d at 95. Federal due process demands (1) that the
nonresident defendant have purposefully established sufficient minimum contacts
with Texas that he could reasonably anticipate being sued there and (2) that
exercising jurisdiction over the nonresident will not offend traditional notions of fair
play and substantial justice. Silbaugh, 126 S.W.3d at 95. If the nonresident
defendant has purposefully availed himself of the privileges and benefits of
conducting business in Texas, then there are sufficient contacts to confer personal
jurisdiction. Tex. Civ. Prac. & Rem. Code Ann. § 17.042; BMC Software, 83
S.W.3d at 795; Silbaugh, 126 S.W.3d at 95. Random, fortuitous, or attenuated
contacts are insufficient. BMC Software, 83 S.W.3d at 795; Silbaugh, 126 S.W.3d
at 95. The quality and nature of the contacts is determinative—not their number. 
Silbaugh, 126 S.W.3d at 95. 
          Minimum-contacts analysis is divided into general and specific jurisdiction. 
General personal jurisdiction requires that the contacts in Texas be continuous and
systematic, but does not require that the cause of action arise from or relate to
activities conducted in Texas. BMC Software, 83 S.W.3d at 796; Silbaugh, 126
S.W.3d at 95. Specific jurisdiction, on the other hand, requires that the alleged
liability arise from and relate to the nonresident defendant’s activity conducted in
Texas. BMC Software, 83 S.W.3d at 796; Silbaugh, 126 S.W.3d at 95. For a court
to exercise specific, personal jurisdiction over a nonresident defendant, the
defendant’s contacts with Texas must be purposeful, and the cause of action must
arise from or relate to those contacts. Am. Type Culture Collection, Inc. v. Coleman,
83 S.W.3d 801, 806 (Tex. 2002). A single contact “of substantial quality and nature”
may thus suffice to establish specific, personal jurisdiction when the cause of action
arises from that contact. Shapolsky v. Brewton, 56 S.W.3d 120, 132 (Tex.
App.—Houston [1st Dist. 2001, pet. denied).
Discussion
A.      Sufficiency of Breaux’s Pleadings
          In its first issue, MMI contends that, because Breaux did not allege sufficient
jurisdictional facts to bring MMI within the long-arm statute, the trial court erred by
not summarily dismissing the cause pursuant to rule 120a. Texas courts have long
recognized, however, that, because Texas applies notice pleading, defective
jurisdictional allegations may be challenged by a motion to quash, but do not warrant
dismissal by special appearance. See Kawasaki Steel, 699 S.W.2d at 202-03; see also
Magic House AB v. Shelton Beverage L.P., 99 S.W.3d 903, 909 (Tex. App.—Dallas
2003, no pet.) (noting that lack of jurisdictional allegations does not relieve defendant
of duty to negate all bases of jurisdiction). Accordingly, the trial court had no
authority to dismiss MMI summarily in response to its special appearance, based
solely on MMI’s claim that Breaux’s jurisdictional allegations were insufficient,
without also inquiring whether MMI had met its duty to negate all bases of
jurisdiction that MMI did allege. Kawasaki Steel, 699 S.W.2d at 202-03; Magic
House, 99 S.W.3d at 909.
          We overrule MMI’s first issue.
B.      Admissibility of Affidavit of Shamrock’s President
          In its second issue, MMI presents several arguments to support its contention
that the trial court erred by overruling MMI’s objection to the admissibility of the
affidavit of Shamrock’s president. We review the trial court’s ruling for abuse of
discretion. Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998). In addition to showing that the trial court erred, MMI must demonstrate that
the error was calculated to cause and probably did cause an improper ruling. See id.;
Tex. R. App. P. 44.1.
          MMI argues that admitting the affidavit into evidence violated rule 120a(3),
which requires that any affidavits to be presented at the hearing on the special
appearance “shall be served at least seven days before the hearing.” The record
reflects that, when Shamrock’s counsel offered the affidavit, MMI objected as
follows: “My only objection, Your Honor, is I think it’s an improper exhibit. It may
be as a response to [MMI’s] special appearance but I don’t think it—.” Shamrock’s
counsel then replied, “Well, I’ll do it as a response. [MMI’s president] just admitted
everything in there is true, your Honor.” The trial court requested additional
objections and, hearing none, overruled MMI’s objection. 
          MMI reasons that, if Shamrock had complied with rule 120a(3)’s seven-day
requirement for filing the affidavit of its president, MMI would have had the
opportunity to compel the president’s appearance at the rule 120a hearing. This
argument ignores, however, that rule 120a(3) authorizes the trial court to “order a
continuance to permit affidavits to be obtained or depositions to be taken or discovery
to be had or make any other order as is just.” Tex. R. Civ. P. 120a(3).


 Because these
avenues were available for MMI to seek additional time to compel the appearance of
Shamrock’s president, we cannot say that the trial court abused its discretion by
overruling MMI’s objection to admitting Shamrock’s president’s affidavit. 
          MMI further contends that (1) the trial court denied MMI its right to cross-examine Shamrock’s president by admitting his affidavit, (2) the affidavit was
fundamentally flawed and violated rule 120a(3) because its allegations were
conclusory, and (3) Shamrock’s failure to object to MMI’s special appearance before
the hearing date required that the trial court grant MMI’s objections to the
admissibility of Shamrock’s president’s affidavit. We conclude that MMI did not
preserve error concerning these complaints. Having failed to present them to the trial
court, and having thereby deprived the trial court of an opportunity to rule on those
complaints, MMI waived any possible error. See Tex. R. App. P. 33.1(a); Tex. R.
Evid. 103(a)(1). 
          We overrule MMI’s second issue.
C.      Challenges to Findings of Fact
          The trial court issued 15 findings of fact. A portion of MMI’s third issue
challenges eight of these findings of fact on the grounds that the evidence is factually
insufficient to support them, and that they are therefore against the great weight and
preponderance of the evidence and manifestly unjust. 
          We first address a second portion of MMI’s third issue, in which it contends
that the trial court’s findings of fact distort the record because they omit material
facts. Fact findings that the trial court omits, however, are deemed found to support
the trial court’s ruling. See BMC Software, 83 S.W.3d at 795. These deemed, or
implied, findings are not conclusive and are subject to legal and factual sufficiency
challenges, see id., but MMI has not challenged any of the trial court’s implied
findings. Moreover, MMI concedes that many of the trial court’s findings are
actually correct “in principle.” 
          Most importantly, as Breaux contends in responding to MMI’s factual-sufficiency challenges, other findings by the trial court—that MMI does not
challenge—fully support the trial court’s decision to deny MMI’s special appearance. 
Breaux contends that these unchallenged findings are sufficient to confer personal
jurisdiction over MMI. We agree. 
          MMI does not challenge the following of the trial court’s findings of fact:
          4.       When a potential client contacts [MMI] to buy or sell a
machine, [MMI] directly contacts the potential client. 
[MMI] responds to an inquiry by directly transmitting
(usually by facsimile) a quotation on a machine (herein
“Quotation”). The Quotation is an offer to sell the
machine. 
 
          5.       Defendant [Shamrock], a Texas corporation, contacted
Defendant [MMI] regarding the machine in question.
 
          6.       In response to the inquiry, [MMI] sent a Quotation (by
facsimile) directly to [Shamrock] in Texas regarding the
subject machine.
 
          7.       In the Quotation, [MMI] made express representations
regarding the properties and features of the machine.
 
          10.     Plaintiff [Breaux] and Defendant [MMI] negotiated an
agreement for [Breaux] to purchase the machine.
 
          12.     [Breaux’s] claims arise out of the express representations
made by [MMI] in the [S]tate of Texas regarding properties
and features of the machine. 

          The import of these unchallenged findings is that Shamrock, a Texas company,
contacted MMI, a foreign corporation, to inquire about the machine in controversy. 
MMI responded to Shamrock’s inquiry by transmitting a quotation, i.e., an offer to
sell the machine, by telecopier to Shamrock in Texas. The quotation contained
express representations, made to Shamrock in Texas, concerning the “properties and
features” of the machine. Breaux, a Texas corporation, negotiated an agreement with
MMI to purchase the machine. Breaux’s claims in the underlying litigation arise out
of the representations that MMI made in Texas concerning the properties and features
of the machine. 
          The Texas long-arm statute extends to a nonresident who is sued in Texas in
a lawsuit that relates to or arises out of business that the nonresident conducts in
Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042. A nonresident “does
business” in Texas by (1) entering into a contract with a resident, and (2) the contract
is to be performed in Texas, either in whole or part, and by either the resident or the
nonresident. Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1). In this case, the trial
court’s unchallenged fact findings reflect that MMI solicited business in Texas by the
offer to sell that MMI sent by telecopier to Shamrock. Based on the telecopier-transmitted offer and acceptance between Breaux and MMI, they entered into a
contract to sell and purchase the machine. Breaux, the resident, was to perform and
did perform under the contract in Texas by paying for the machine. The underlying
lawsuit is premised on that transaction. 
          The trial court’s unchallenged findings of fact therefore adequately support the
trial court’s denying MMI’s special appearance. Accordingly, Texas may properly
exercise specific, personal jurisdiction over MMI, on the grounds that MMI
purposefully established sufficient minimum contacts with the plaintiff, Breaux, and
thus with Texas, and that MMI could reasonably anticipate being sued in Texas based
on those contacts. See Coleman, 83 S.W.3d at 806; Silbaugh, 126 S.W.3d at 95;
Shapolsky, 56 S.W.3d at 132. 
          We overrule MMI’s third issue.
D.      Due Process Challenge
          MMI’s four remaining issues assert general challenges to the trial court’s
concluding, as a matter of law, that exercising both general and specific jurisdiction
over MMI comports with due process.


 In our analysis of MMI’s third issue, we held
that MMI had established minimum contacts with Texas, which is the first step of the
federal due-process analysis. See Silbaugh, 126 S.W.3d at 796. Under the second
step of the due-process analysis, exercise of jurisdiction over the nonresident must
comport with traditional notions of fair play and substantial justice. Id. 
          To satisfy federal due process, when a Texas court exercises specific
jurisdiction over a nonresident, the liability that the plaintiff seeks to impose must
arise from and relate to activity conducted in Texas. BMC Software, 83 S.W.3d at
796; Silbaugh, 126 S.W.3d at 95. 
          Breaux sued both MMI and Shamrock. As against MMI, Breaux seeks to
impose liability based on MMI’s having contacted a Texas resident to conduct
business by offering to sell a machine, having represented the properties and features
of the machine it offered to sell, having entered into a contract with Breaux to
purchase that machine, as well as Breaux’s having performed on that contract in
Texas by paying for the machine. Thus, the liability that Breaux seeks to impose on
MMI arises from and relates to activities that MMI conducted in Texas.
          We conclude that MMI’s contacts with Texas, with both Breaux and Shamrock
concerning the Toshiba machine at issue, were purposeful and sufficiently substantial,
and that Breaux’s claims against MMI arise from and relate to those contacts. See
Coleman, 83 S.W.3d at 806; Shapolksy, 56 S.W.3d at 132. MMI’s contacts with
Texas warrant a Texas court’s exercising specific, personal jurisdiction over MMI,
and MMI could have reasonably anticipated being subject to exercise of specific
jurisdiction by a Texas court. Coleman, 83 S.W.3d at 806; Shapolksy, 56 S.W.3d at
132. Accordingly, exercise of specific, personal jurisdiction over MMI does not
offend traditional notions of fair play and substantial justice and thus satisfies the
second test of the requirements of federal due process. See Silbaugh, 126 S.W.2d at
796.
          Having concluded that Texas may properly exercise specific, personal
jurisdiction over MMI, we do not address MMI’s general-jurisdiction challenge.           Accordingly, we overrule MMI’s fourth, fifth, and seventh issues and decline
to address MMI’s sixth issue.
                                                         Conclusion
          We affirm the trial court’s order denying MMI’s special appearance.
 


                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Higley.