**KAWASAKI STEEL CORPORATION, Petitioner,**

v.

**John G. MIDDLETON, d/b/a Middleton Oil Company, Respondent.**

No. C-3945.

Supreme Court of Texas.

Sept. 18, 1985.

Rehearing Denied Nov. 13, 1985.

Miller, Keeton, Bristow and Brown, Orran Lee Brown and W. Robert Brown, Houston, for petitioner.

Pannill and Reynolda, Linda L.S. Moroney, Houston, for respondent.

PER CURIAM.

Oilworld Supply Company sued John Middleton for payment for oil well casing Middleton purchased from Oilworld. Middleton filed a counterclaim against Oilworld and third-party claims against Kawasaki Steel Corporation of Japan and Japan Cotton Company for defective casing. Kawasaki allegedly manufactured the casing, and Japan Cotton Company is the trading company that filled Oilworld's order for the casing. Kawasaki filed a special appearance under Tex.R.Civ.P. 120a contending: (1) that Kawasaki lacks minimum contacts with Texas so that the exercise of jurisdiction over its person by a Texas court would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) that Middleton has not alleged the facts required for service of process under the "Texas Long Arm Statute," Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964); and (3) that Middleton did not properly effect service of process.

The trial court held that Kawasaki lacked minimum contacts with Texas and dismissed the cause against Kawasaki. The court of appeals reversed the judgment of the trial court and remanded the cause for trial. 687 S.W.2d 42. That court held Kawasaki did have minimum contacts with Texas and that a non-resident defendant may not contest defects in service of process in a special appearance. We refuse petitioner's application for writ of error with the notation "writ refused, no reversible error."

■ The facts are well stated in the opinion by the court of appeals and need not be repeated here. Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court; and (2) if the defendant is amenable to the jurisdiction of the court, the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. Thode, *IN PERSONAM JURISDICTION: Article 2031(b), The Texas Longarm Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere*, 42 Tex.L.Rev. 279, 312–13 (1964).

■ The first issue is whether Kawasaki is amenable to the jurisdiction of Texas courts. We have held that article 2031b "reaches as far as the federal constitutional requirements of due process will permit." *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1977). Thus, the issue is whether subjecting Kawasaki to the jurisdiction of Texas courts would violate the federal Due Process Clause.

In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the United States Supreme Court stated:

When a corporation "purposefully avails itself of the privilege of conducting activities within the forum State,"

*Hanson v. Denckla,* 357 U.S. [235] at 254, 78 S.Ct. [1228] at 1240 [2 L.Ed.2d 1283 (1958)], it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the State. Hence if the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others. The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivered its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State. 444 U.S. at 297–98, 100 S.Ct. at 567.

The federal circuit courts have followed this dicta in *World-Wide Volkswagen* to develop the "stream of commerce doctrine." *See e.g., DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3rd Cir.), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981); *Oswalt v. Scripto, Inc.,* 616 F.2d 191 (5th Cir.1980); *Coulter v. Sears, Roebuck & Co.,* 426 F.2d 1315 (5th Cir.1970). Under the stream of commerce doctrine, a defendant has "purposefully availed itself of the privilege of conducting activities" in the forum state if the non-resident defendant sells its product to an independent distributor and "there is a reasonable expectation that the product will enter the forum state." *Oswalt,* 616 F.2d at 201.

Kawasaki annually sells between 40 and 48 million dollars worth of steel that reaches Texas consumers and routinely confirms the content and destination of each order with the trading company that transports the steel to the Port of Houston. The inspection certificates for the Kawasaki casing sold to Middleton were prepared by Kawasaki and shown a Texas buyer. Moreover, at the time the cause of action arose, Kawasaki maintained an office in Houston that provided sales promotion, marketing research, and after-sales service to Kawasaki's customers in North America and Mexico.

■ Kawasaki argues there is some evidence that it did not "reasonably expect" its products to be sold in Texas because it did not retain the power to direct trading companies to sell or not sell its steel in Texas. "Reasonable expectation," not "right of control" is the controlling issue under the stream of commerce doctrine; therefore, Kawasaki is amenable to the jurisdiction of Texas courts.

The second issue is whether a non-resident defendant may challenge the plaintiff's failure to allege the facts required for service of process under article 2031b, defective service of process, or failure to properly effect service of process in a special appearance.

Before this court promulgated Rule 120a, any appearance by a non-resident defendant was a general appearance which subjected the defendant to the jurisdiction of the court. *York v. State,* 73 Tex. 651, 11 S.W. 869 (1889), *aff'd York v. Texas,* 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604 (1890). Thus, a non-resident defendant had only two options: he could either appear and consent to jurisdiction or allow a default judgment to be taken against him and attack the Texas judgment as being void if the plaintiff brought suit in the defendant's state to enforce the judgment.

Rule 120a altered the *York* rule by allowing a non-resident defendant to make a special appearance "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant, *on the ground that such party or property is not amenable to process issued by the courts of this state."* Tex.R.Civ.P. 120a. However, in all other respects the *York* rule is unchanged.

The key word is "amenable." Professor Thode, in a well-received article on Rule 120a, interprets this word in its context as follows:

> The words "not amenable to process issued by the courts of this state" can only be interpreted to mean that the special appearance is available solely to establish that the Texas court cannot, under the federal and state constitutions and the appropriate state statutes, validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled. Defective service or defective process, or even an attempt to bring the defendant before the court under the wrong statute does not authorize the use of the special appearance. If the defendant attempts to make a special appearance to raise any of these contentions, then his appearance is a general one and the rule of *York v. State* applies to him with full force.

Thode, *supra* at 312–13. Thode argues that the correct procedure to challenge a defect in *the manner* of obtaining jurisdiction (service or process) is by a Rule 122 motion to quash citation. *Id.* at 313. Rule 122 provides:

> If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

Tex.R.Civ.P. 122. Thus, a non-resident defendant, like any other defendant, may move to quash the citation for defects in the process, but his only relief is additional time to answer rather than dismissal of the cause. A curable defect in service of process does not affect a non-resident defendant's amenability to service of process. Under Professor Thode's analysis, contentions that (1) the allegations of the petition do not properly allege the jurisdictional facts required for service under the long-arm statute; (2) the plaintiff did not serve the defendant; (3) there are defects in the citation, etc., must be raised by a motion to quash, not a special appearance.

Several opinions by our courts of appeals have held that a non-resident defendant may challenge curable defects in a special appearance and that the proper disposition is dismissal of the cause. *TM Productions, Inc. v. Blue Mountain Broadcasting Co.*, 623 S.W.2d 427, 431–33 (Tex.Civ. App.—Dallas 1981), *writ ref'd n.r.e. per curiam*, 639 S.W.2d 450 (1982); *In Re D.N.S.*, 592 S.W.2d 35, 37 (Tex.Civ.App.— Beaumont 1979, no writ); *Mills v. Stinger Boats, Inc.*, 580 S.W.2d 106, 107–108 (Tex. Civ.App.—Eastland 1979, writ ref'd n.r.e.); *Menchaca v. Chrysler Life Insurance Co.*, 604 S.W.2d 287, 289 (Tex.Civ.App.—San Antonio 1980, no writ); *Gathers v. Walpace Co., Inc.*, 544 S.W.2d 169, 170 (Tex. Civ.App.—Beaumont 1976, writ ref'd n.r. e.); *Burgess v. Ancillary Acceptance Corp.*, 543 S.W.2d 738, 740 (Tex.Civ.App.— El Paso 1976, writ ref'd n.r.e.); *Curry v. Dell Publishing Co.*, 438 S.W.2d 887 (Tex. Civ.App.—El Paso 1969, writ ref'd n.r.e.). However, one court of appeals has followed Professor Thode's view. *Steve Tyrell Productions, Inc. v. Ray*, 674 S.W.2d 430, 434– 35 (Tex.App.—Austin 1984, no writ).

The courts of appeals opinions which permit a non-resident defendant to contest curable defects misapply our opinion in *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965). *McKanna* involved an appeal by writ of error to the court of appeals of a default judgment. The defendant claimed that service of process was defective because the plaintiff failed to allege the jurisdictional facts under article 2031b. This court agreed and remanded the case for trial under Rule 123 which provides that when a judgment is reversed "because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of court at which mandate shall be filed." *Id.* at 930. We agree with Dean Newton that Professor Thode's interpretation is correct:

But as the Dallas Court of Appeals noted in *TM Productions v. Blue Mountain,* decisions by the courts of civil appeals applying *McKanna* and *Whitney* [*Whitney v. L & L Realty Corporation,* 500 S.W.2d 94 (Tex.1973)] have ignored the triggering requirements of those cases and applied their rule in ways which do not serve the rule's underlying rationale. Starting with the case of *Castle v. Berg* [415 S.W.2d 523 (Tex.Civ. App.)] in 1967, at least five of our courts of civil appeals have applied the rule to non-default cases. This application does not simply go beyond the holdings of the Supreme Court, it contradicts them. One of the basis for the *McKanna* and *Whitney* rule is that the issue of jurisdiction had not been litigated and therefore a failure to properly invoke jurisdiction by pleading could require reversal. Application of the *McKanna* and *Whitney* exception to a case where jurisdiction was actually litigated amounts to a negation of the very general rule to which *McKanna* and *Whitney* form an exception. *McKanna* and *Whitney* start with a recognition that res judicata applies to jurisdictional issues; the decisions of the courts of civil appeals functionally reject that recognition by misapplying the rule. The only basis offered is that the plaintiff did not properly plead jurisdictional facts. Such a narrow holding is inconsistent with the general rules of notice pleading. Indeed if the approach of the courts of appeals was applied to pleading generally, we would return to the thoroughly discounted English writ approach where a failure to dot an "i" or cross a "t" was fatal. Not even the legacy of *York v. State* can justify this result since in 1976, Rule 120a was changed to allow defendants to amend a special appearance "to cure defects." Further, *McKanna* and *Whitney* are cases where failure of notice to the defendant was a major factor. This cannot be a factor in non-default cases since the defendant appeared and participated. Finally, under *McKanna* and *Whitney,* the remedy was a reversal, not a dismissal. In the *Castle* case, the court held that the defendant was entitled to a dismissal for lack of jurisdiction. Not only are these decisions by the courts of civil appeals unjustified, where a dismissal occurs a plaintiff may lose a cause of action due to the statute of limitations. In such a case the error would be more than simple inconvenience and cost.

Newton, *Annual Survey of Texas Law; Conflict of Laws,* 36 SW.L.J. 397, 406 (1982).

 Thus, in a Rule 120a special appearance, the non-resident defendant has the burden of proof to negate all bases of personal jurisdiction. *Siskind v. Villa Foundation for Education, Inc.,* 642 S.W.2d 434, 438 (Tex.1982). We hold that defective jurisdictional allegations in the petition, defective service of process, and defects in the citation must be challenged by a motion to quash, not a special appearance. We disapprove the opinions by our courts of appeals which hold that a non-resident defendant may contest curable defects in service of process in a special appearance.

Because Kawasaki is amenable to the jurisdiction of Texas courts, we refuse petitioner's application for writ of error with the notation "writ refused, no reversible error."