ONDA ENTERPRISES, INC., Relator,

v.

The Honorable Jack PIERCE, Judge of the 145th Judicial District Court, Nacogdoches County, Texas, Respondent.

No. 12–88–00056–CV.

Court of Appeals of Texas, Tyler.

March 18, 1988.

Michael Dunn, Smead, Anderson, Wilcox & Dunn, Longview, L. Giles Rusk, Nacogdoches, for relator.

Douglas J. McCarver, Nacogdoches, for respondent.

Jack Pierce, Nacogdoches, pro se.

PER CURIAM.

ONDA Enterprises, Inc. (hereinafter "Relator"), a Japanese corporation, is a named defendant in a suit by three minors. Plaintiffs attempted to obtain service of their petition on Relator pursuant to Tex. Civ.Prac. and Rem.Code § 17.044(b). Thereafter Relator filed a motion to quash and dismiss alleging facts to show that it is not a resident of Texas and is not subject to the long arm jurisdiction of the courts of this state.[1] Relator further alleged and

---

1. Specifically ONDA alleged, supported by the affidavit of one Gungi Ishi, that:

    a. ONDA was organized and exists under the laws of the country of Japan and has its principal place of business in Japan.

    b. ONDA has no officers, employees, or agents operating or conducting business within Texas. It maintains no bank accounts, telephone listings or property located within Texas.

    c. ONDA is not qualified or authorized to do business within the State of Texas. At no time has ONDA sought to be qualified or made application to the State of Texas for doing business within this state.

    d. ONDA has not appointed anyone to accept service of process on its behalf according to any Texas Statute or rule of procedure.

    e. ONDA does not pay any real estate, personal property income or other tax within the State of Texas.

argued that service had not been accomplished in compliance with the Hague Convention and therefore the court had no personal jurisdiction over it. The relief requested was that "attempted service of citation be quashed and [the petition] be dismissed as to ONDA ENTERPRISES, INC. for failure to plead that service of citation ... is to be made pursuant to the provisions of the Hague Convention."

The trial court granted the motion to quash and denied the motion to dismiss. Further, Relator was ordered to comply with the constructive appearance provisions of Tex.R.Civ.P. 122.[2]

Relator filed its motion for leave to file a petition for writ of mandamus, by which mandamus action it seeks review of the decision of the court below that Relator is bound by the constructive appearance provisions of Rule 122 and to compel that court to set aside that portion of the order denying the motion to dismiss and ordering compliance with Rule 122.

■ Mandamus is an extraordinary remedy that is available only to correct a clear abuse of discretion by the trial court or a violation of a duty imposed by law when there is no other adequate remedy available. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). It is well established that appellate courts have no jurisdiction to issue the writ to supervise or correct incidental rulings of a trial court such as rulings on a plea to jurisdiction, a plea of privilege or a plea in abatement. *Abor v. Black*, 695 S.W.2d 564, 566–567 (Tex.1985).

■ A relator who attacks a ruling as an abuse of discretion, as ONDA does in this case, must establish that under the circumstances of the case, the facts and the law permit the court to make but one decision. *Johnson*, 700 S.W.2d at 917. In order to grant the writ, we must conclude that the circumstances present in the case extinguish any discretion the trial court may have had in the matter. *Id.* at 918. The inquiry is whether the court's decision was so arbitrary and unreasonable or based on such a gross and prejudicial error of law as to constitute an abuse of discretion.

In this case, Relator sought dismissal of the lawsuit against it. It chose to proceed via a motion to quash which is made available in Texas by Rule 122. Rule 122 provides:

If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

■ It is well established that the only relief available under Rule 122 is additional time to answer; dismissal of the action is not available. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex.1985). Dismissal is available upon a showing made pursuant to Rule 120a that a defendant is not *amenable* to service. *Id.* at 201–202. Absent strict compliance with the procedure of Rule 120a, a general appearance is entered anytime a defendant invokes the court's judgment on any question other than that of the defendant's amenability to service. *Portland Savings & Loan Association v. Bernstein*, 716 S.W.2d 532, 534 (Tex.App.–Corpus Christi 1985, writ ref'd n.r.e.), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986); *Seeley v. Seeley*, 690 S.W.2d 626, 628 (Tex.App.–Austin 1985, no writ).

Relator here asserts that this longstanding rule should not apply in this case be-

---

f. The business conducted by ONDA is performed in Japan, and no such activity of design, manufacturing or assembling of their products is conducted within the State of Texas or the United States.

g. ONDA does not supervise, control or otherwise oversee the business operations of any entities, including ATLAS ENTERPRISES who may purchase or acquire ONDA Products.

2. All references hereinafter to "rules" are to the Tex.R.Civ.P. unless indicated otherwise.

cause the Hague Convention invalidated the attempted service and, therefore, it should invalidate that part of Rule 122 that provides that upon granting of a motion to quash, the defendant "shall be deemed to have been duly served." No Texas authority is advanced for this position and in fact Relator states that this is a case of first impression in Texas.

Viewing Relator's contention in light of the standard for issuing a writ of mandamus, we are unable to conclude that Relator has established that the trial court abused its discretion. In fact, it appears that the court below made the only proper decision under the circumstances.

When it first received notice of the underlying lawsuit, Relator had several avenues open upon which to proceed. First, if Relator was confident the service was defective, it clearly could have done nothing and presented its challenge on appeal or writ of error after default judgment was entered. McDonald, *Texas Civil Practice*, § 9.05.1 n. 1. Second, a special appearance could have been filed under Rule 120a, thus avoiding a general appearance. It appears that this would have been the best course for Relator because its Hague Convention argument is based upon its alleged lack of amenability to service from Texas. Third, Relator could simply have answered the petition and defended on the merits. Fourth, as Relator chose to do, it could have objected to the manner of service by a motion to quash, thus invoking the court's jurisdiction and submitting itself to the rules and procedures by which all who appear in Texas courts are bound. Relator, or its counsel, made the choice and cannot now, after voluntarily appearing, avoid the consequences of that choice by seeking the extraordinary remedy of mandamus.

Mandamus is not proper in this case. Relator has shown no clear abuse of discretion nor violation of a mandatory duty.

The motion for leave to file is denied.