**DENY; and Opinion Filed October 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-01249-CV**

**IN RE JESSE GUNN, Relator**

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-54301-2013**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to dismiss the child support claims against him for lack of personal jurisdiction. The facts and issues are well-known the parties so we do not recount them here. The relator's petition does not comply with the rules of appellate procedure and is incomplete. TEX. R. APP. P. 52.3(k), 52.7(a); *In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (denying petition for writ of mandamus because petition and record not authenticated as required by the Texas Rules of Appellate Procedure).

By failing to provide a complete mandamus record, the relator has failed to demonstrate that he established a lack of personal jurisdiction in the trial court. A defendant challenging a Texas court's personal jurisdiction must negate all possible bases for asserting personal jurisdiction. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002) (citing *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex. 1985)). The family code

provides that a Texas trial court may exercise personal jurisdiction over a non-resident defendant in a proceeding to establish or enforce a support order or to determine parentage when:

> (1) the individual is personally served with citation in this state;
>
> (2) the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
>
> (3) the individual resided with the child in this state;
>
> (4) the individual resided in this state and provided prenatal expenses or support for the child;
>
> (5) the child resides in this state as a result of the acts or directives of the individual;
>
> (6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
>
> (7) the individual asserted parentage in the paternity registry maintained in this state by the bureau of vital statistics; or
>
> (8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

TEX. FAM. CODE ANN. § 159.201 (West 2014). The mandamus record does not show that in the trial court the relator conclusively negated all these possible bases for personal jurisdiction under the family code. Accordingly, the relator has not established that the trial court clearly abused its discretion in denying his plea to the jurisdiction. We **DENY** the petition for writ of mandamus. TEX. R. APP. P. 52.8.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

141249F.P05

–2–