Opinion issued December 2, 2014



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00016-CV

————————————

**WUXI TAIHU TRACTOR COMPANY, LTD., Appellant**

**V.**

**THE YORK GROUP, INC., Appellee**

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2008-74193

## MEMORANDUM OPINION

Appellant, Wuxi Taihu Tractor Company, Ltd. ("Taihu"), challenges the

trial court's rendition of summary judgment in favor of appellee, The York Group,

Inc. ("York"), in Taihu's bill-of-review proceeding to set aside a default judgment.

In four issues, Taihu contends that the trial court erred in denying it summary judgment and granting York summary judgment.

We affirm.

## Background

In its original petition, York, a Delaware Corporation engaged in the business of manufacturing and selling burial caskets, sued Taihu, a company organized under the laws of the People's Republic of China and having its principal place of business in Wuxi, Jiangsu Province, China. York alleged that Taihu had copied and distributed York's casket designs in Texas, and it asserted claims for unfair competition and tortious interference with contract. York served Taihu through the Texas Secretary of State, who mailed service of process directly to Taihu's principal place of business in China. Taihu, proceeding pro se, filed an answer, first denying each of York's claims in detail and then challenging the trial court's jurisdiction. Taihu asserted that it did not conduct business in Texas and had not been properly served with process pursuant to the requirements of the Hague Convention.[1]

York, having not been served with Taihu's answer and unaware that it had filed an answer, moved for an "interlocutory default judgment." Taihu filed a "Demurrer to [York's] Motion for Interlocutory Default Judgment," asserting that

---

[1] *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.

it had "responded to [York's] complaint by posting an answer via registered . . . mail on June 9, 2006 to [the Harris County Clerk], as requested in the citation," the answer was delivered on June 12, 2006, and York's "allegation that [Taihu] had failed to respond [was] false."

In the months thereafter, York served Taihu with deposition notices and discovery requests. Taihu objected on the ground that it had not been properly served, and it refused to produce any documents or appear for deposition. York then moved to compel Taihu to respond, and it complained that Taihu, as a corporation, could not be represented by a non-lawyer and had, for over six months, failed to retain counsel. York sought an order to admonish Taihu to retain counsel within ten days or be found in default.

In response, Taihu filed a "Demurrer to . . . York's Motion to Compel Written Discovery and Appearance for . . . Deposition and Motion for Sanctions." Taihu argued that York's motion should be denied because York had neither "attempted to conference with [Taihu] in connection [with] discovery issues" nor served its discovery requests pursuant to the requirements of the Hague Convention. Taihu complained that having to appear at a deposition in the United States would be "complicated, burdensome, and inconvenient." And it reiterated its assertion that the trial court lacked personal jurisdiction over it. Finally, Taihu

3

asserted that it "may not be compelled to retain an attorney for York's frivolous claim."

On May 21, 2007, the trial court ordered Taihu to retain counsel within ten days, produce all requested discovery within fifteen days, and appear for deposition within twenty days. It admonished Taihu that if it did not retain counsel as ordered, it would be found in default.

In June 2007, Dai Qingkang, an attorney licensed in China, contacted the trial court by email, asking a series of detailed questions about the docket control order and mediation. The trial court responded to the questions and suggested that Qingkang should "contact local counsel in Houston." Qingkang then filed, on behalf of Taihu, an objection to mediation and a motion to dismiss the lawsuit. He asserted that it was "unfair and against common sense to force [Taihu] to render costs in employing an attorney for this present case which is obviously groundless and lack[s] sufficient minimum evidence to support [York's] allegations and claims."

On July 26, 2007, the trial court, after notice, called the case to trial, and Taihu did not appear. The trial court, concluding that Taihu had "wholly failed to comply" with its prior order to retain counsel, rendered a default judgment against Taihu. It noted that, by its prior order, it had put Taihu on notice that it was subject to sanctions for failure to comply, lesser sanctions were not sufficient to secure

4

Taihu's compliance, Taihu continued to abuse the discovery process, York had been prejudiced by Taihu's noncompliance with the rules, and Taihu's "wrongful conduct justifie[d] the presumption that [Taihu's] defenses [we]re without merit." The trial court also ruled that Taihu had "wholly failed to comply with the requirements of [Texas Rule of Civil Procedure 120a] as to its purported special appearance. Therefore, it denied Taihu's Motion to Dismiss and "any other purported special appearance" by Taihu. It held that the material allegations in York's original petition were deemed admitted, declared that Taihu had "unfairly competed against York," and enjoined Taihu from

- copying or imitating the design of any York casket;
- causing any casket to be manufactured abroad and imported into the United States without a permanent label which states that the product was "Made in China". . . ;
- causing any casket to be imported, marketed, advertised, displayed, or sold under or in connection with the name "York," . . . and/or with any of the following Brand Names set forth in Exhibit A, which is attached and incorporated in this Final Judgment for all purposes;
- passing off, inducing or enabling others to sell or pass off, as authentic products produced by York otherwise authorized by York, any product not manufactured by York . . . ;
- copying . . . any advertisements . . . or . . . photographs; and/or
- conspiring with, causing, aiding, assisting, . . . any other person or business entity in engaging in or performing any of the acts proscribed [above].

York then non-suited its claims for unliquidated monetary damages. After Taihu received notice of the final judgment, it did not appeal.

5

In 2008, York sued to enforce the judgment, alleging that Taihu was continuing to copy and sell York's designs. Taihu retained Texas legal counsel, answered with a general denial, and admitted, subject to any defenses it had raised regarding the jurisdiction of the trial court, that it had been properly served and had made an appearance in the case. Taihu then removed the enforcement action to federal court, asserting diversity jurisdiction.

Subsequently, Taihu initiated the instant bill-of-review action in state court, seeking to set aside the underlying default judgment.[2] In its petition, Taihu alleged that "the face of the record [did] not prove that [it] was properly served with process under the Hague Convention" and it "had no counsel of record, which [was] mandated by Texas law for a corporation to make an appearance."

In 2012, Taihu filed a summary-judgment motion, arguing that it was entitled to judgment as a matter of law because it was undisputed that it had not been properly served. It further argued that because a corporation can only appear

---

[2] York removed the bill-of-review action to federal court. The United States District Court denied Taihu's motion to remand the bill-of-review action to state court and granted summary judgment in favor of York on Taihu's bill of review. *Wuxi Taihu Tractor Co. v. The York Group*, *Inc.*, 766 F.Supp.2d 803 (S.D. Tex. 2011) (concluding Taihu answered and appeared in underlying suit). The United States Court of Appeals for the Fifth Circuit, holding that a federal district court does not have jurisdiction over a bill-of-review action seeking relief from a state court judgment, vacated the district court's judgment and remanded the bill-of-review action to state court. *Wuxi Taihu Tractor Co. v. The York Group, Inc.*, 460 F.App'x 357 (5th Cir. 2012).

6

in court through a licensed attorney, none of the documents that Taihu had sent to the trial court in the underlying action constituted an appearance.

York responded, arguing that by expressly representing to the trial court in the underlying proceeding that it had filed an answer, Taihu had defeated York's motion for interlocutory default. Therefore, "not only did the facts not support [Taihu's] argument," but Taihu was judicially estopped from now asserting that it had not answered.

York also filed a cross-motion for summary judgment, seeking dismissal of Taihu's bill-of-review action. It asserted that Taihu had been served with process through the Texas Secretary of State; did not file a proper special appearance or motion to quash service[3]; waived any defect in service because it "admitted it filed an Answer" and participated in its defense; had notice of the underlying judgment and failed to move for a new trial or appeal; and failed to plead and prove the elements required to prevail on a bill of review.

After the trial court conducted a hearing on the motion for new trial, Taihu amended its petition for bill of review, again alleging that it had not been properly served and had not answered. It also asserted, alternatively, that it had a meritorious defense, namely, that "York ha[d] not alleged a protected intellectual property interest" that it was prevented from raising by the failure of service.

---

[3] *See* TEX. R. CIV. P. 120a, 122.

7

Taihu further asserted that there is no record of an evidentiary hearing or the trial court attempted lesser sanctions before it rendered its default judgment.

The trial court granted York summary judgment and denied Taihu's cross-motion for summary judgment on Taihu's petition for bill of review. Taihu's motion for new trial was overruled by operation of law.

**Standard of Review**

We review a trial court's grant or denial of summary judgment on a bill of review de novo. *Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (reviewing summary judgment on bill of review). To prevail on a summary-judgment motion, a movant has the burden of establishing that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). Thus, to be entitled to summary judgment, a bill-of-review plaintiff must conclusively prove all the elements of its bill-of-review action as a matter of law. *See Hernandez v. Koch Mach. Co.*, 16 S.W.3d 48, 60 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A defendant moving for summary judgment must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341; *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st

8

Dist.] 2005, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, we take the evidence favorable to the non-movant as true. *Nixon v. Mr. Prop. Mgmt. Co*., 690 S.W.2d 546, 548–49 (Tex. 1985). And we indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor. *Id*. at 549.

When, as here, a trial court grants summary judgment without specifying the ground for doing so, we uphold the trial court's ruling if any asserted ground is meritorious. *Beverick v. Koch Power, Inc*., 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). And where both parties have moved for summary judgment and the trial court has granted one motion and denied the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex*., 136 S.W.3d 643, 648 (Tex. 2004).

### Bill of Review

A bill of review is a separate, independent suit brought by a party to a former action who is seeking to set aside a final judgment that is no longer subject to a motion for new trial or appealable. *See Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998); *Wolfe v. Grant Prideco, Inc*., 53 S.W.3d 771, 773 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). It is an equitable remedy available only

when a party has "demonstrated due diligence and can show, through no fault of its own, that no other legal remedy [is] available." *Hernandez*, 16 S.W.3d at 57 (citing *Caldwell*, 975 S.W.2d at 537–38). Ordinarily, a bill-of-review plaintiff must plead and prove "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiff [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Mabon v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). However, "when a bill-of-review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements set out above." *Id.* (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 87, 108 S. Ct. 896, 896, 899 (1988); *Caldwell*, 154 S.W.3d at 96–97). And the third element, lack of negligence, is conclusively established. *Id.*

### Service and Appearance

In its first and second issues, Taihu argues that it conclusively established the elements of its bill-of-review action because "[i]t is undisputed that . . . York failed to properly serve [it] with service of process [in the underlying lawsuit] in accordance with the requirements of the Hague Convention" and "Taihu never 'appeared' in the underlying suit through a Texas attorney." Taihu further argues that because it was not properly served and did not appear through counsel in the underlying lawsuit, the trial court "had no power to compel" it to hire counsel.

Taihu asserts that, under the "abbreviated" bill-of-review elements, "York's failure to properly serve [it in the underlying lawsuit], by itself, establishes Taihu's right to a bill of review, as a matter of law." Texas procedural law and constitutional due process require that a defendant "be served, waive service, or voluntarily appear." *In re J.P.L.*, 359 S.W.3d 695, 707 (Tex. App.—San Antonio 2011, pet. denied) (concluding trial court lacked authority to enter order because record did not show defendant served in accordance with Hague Convention, waived service, or voluntarily appeared); *see* TEX. R. CIV. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant.").

Service of process on a defendant in China is governed by the Hague Service Convention, which applies "in all cases, in civil or commercial matters, where there is an occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, art. 1; *see* Hague Conference on Private International Law, Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Sept. 22, 2009), *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited Nov. 25, 2014). Where it applies, compliance with the Hague Service Convention

11

is "mandatory." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99, 108 S. Ct. 2104, 2107–08 (1988). The purpose of the Hague Service Convention is "to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." *Id.* at 486 U.S. at 698, 108 S. Ct. at 2107. "By virtue of the Supremacy Clause,"[4] the Hague Service Convention, as an international treaty, "pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *Id.* at 486 U.S. at 699, 108 S. Ct. at 2108 (stating "the Hague Service Convention is a multilateral treaty" and citing U.S. CONST., art. VI); *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. Civ. A. 3:99–CV–2004P, 2000 WL 251731, at *4 (N.D. Tex. Mar. 3, 2000) ("The Convention preempts any inconsistent methods of service prescribed by Texas law in all cases where the Convention applies.").

In Texas, service of process may be effected upon a party in a foreign country if service of the citation and petition is made:

---

[4] The "Supremacy Clause" provides, in pertinent part,

> [t]his Constitution, and the laws of the United States which shall be made in Pursuance thereof; *and all treaties made*, or which shall be made, under the Authority of the United States, shall be the supreme law of the Land; and the judges of every state shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. CONST. art. VI, cl. 2 (emphasis added).

> in the manner provided by Rule 106; or . . . pursuant to the terms of any applicable treaty or convention; . . . or . . . by any other means directed by the court that is not prohibited by the law of the country where service is to be made.

TEX. R. CIV. P. 108a(1). "The method for service of process in a foreign country must be reasonably calculated, under all the circumstances, to give actual notice of the proceeding to the defendant in time to answer and defend." *Id.* Citation and a copy of the petition must be served by an authorized person and delivered to the defendant in person or sent by registered or certified mail. TEX. R. CIV. P. 106.

The Hague Service Convention, however, does not permit service of process by direct mail to a defendant in China. *See* 20 U.S.T. 361, art. 5; *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 384 (5th Cir. 2002). Requests for service on a defendant within the borders of China must be sent directly to China's designated Central Authority. *See* 20 U.S.T. 361, arts. 2, 3; *Schlunk*, 486 U.S. at 698–99, 108 S. Ct. at 2107–08. The Central Authority then forwards the request to the competent judicial authority to effectuate service. 20 U.S.T. 361, art. 5 ("The Central Authority of the State addressed shall itself serve the document or arrange to have it served by an appropriate agency."). China has designated as its Central Authority the Ministry of Justice, International Legal Cooperation Center, and China requires that documents to be served within its borders be in Chinese or accompanied by a corresponding translation. *See* Hague Convention on Private International Law, China Central Authority, Ministry of Justice, Dep't of Judicial

13

Assistance and Cooperation, Division of Judicial Assistance, *available at* http://www.hcch.net/index_en.php?act=authorities.details&aid=243 (last visited Nov. 25, 2014).

It is undisputed that York did not serve Taihu through the Chinese Central Authority. Rather, York requested service of process through the Texas Secretary of State, who mailed it directly to Taihu's corporate offices. And the citation and petition were written in English and had no accompanying Chinese translation. "It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished." *Primate Const. Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). Thus, York failed to effectuate valid service of process on Taihu in the underlying lawsuit.

The Hague Service Convention does not allow the entry of judgment against a defendant unless valid service of process has been effectuated or the defendant has appeared, as follows:

> Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, *and the defendant has not appeared*, judgment shall not be given until it is established that–
>
> (a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
>
> (b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

20 U.S.T. 361, art. 15 (emphasis added); *see also* TEX. R. CIV. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed by law or these rules.").

"When a party enters a general appearance, the trial court can exercise personal jurisdiction over that party without violating the party's due process rights." *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985). Filing an answer "constitute[s] an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." TEX. R. CIV. P. 121; *see Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex. 1999) (noting filing answer constitutes general appearance); *In re $475,001.16*, 96 S.W.3d 625, 628–29 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding filing answer waives any challenge to defective service); *Hous. Crushed Concrete, Inc. v. Concrete Recycling Corp.*, 879 S.W.2d 258, 260 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("An appearance, however unintentional, constitutes a waiver of service.").

"[A] defendant who timely files a pro se answer by a signed letter that identifies the parties, the case, and the defendant's current address, has sufficiently appeared by answer." *Smith v. Lippman*, 826 S.W.2d 137, 138 (Tex. 1992). Here, Taihu's chairman of the board of directors, Xue Tizhong, filed a signed "Answer to

15

a Complaint," identifying the parties, the case, and Taihu's address, and placing in issue the specific claims raised by York. *See id.* Although Taihu asserted that there was "no proper service of process . . . under the Hague Convention," Taihu did not file a special appearance or a motion to quash service of process in accordance with the Texas Rules of Civil Procedure.[5]

Taihu filed "demurrers" to York's "Motion to Compel Written Discovery and Appearance for . . . Deposition and Motion for Sanctions" and "Motion for Interlocutory Default Judgment." And, in response to York's motion for interlocutory default, Taihu asserted that it had "post[ed] an answer via registered EMS mail on June 9 2006 to [the Harris County Clerk], as requested in the

---

[5]    A party may preserve its defense to personal jurisdiction through a special appearance. *See* TEX. R. CIV. P. 120a. A special appearance to contest personal jurisdiction on the ground that a party is not amenable to process issued by a Texas court must be made by a sworn motion filed prior to any other plea, pleading, or motion that seeks affirmative relief. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 323 (Tex. 1998). Further, although other motions and pleas may be included in the same instrument as a special appearance without waiving objections to personal jurisdiction, the special appearance must be the first plea made. TEX. R. CIV. P. 120a; *Onda Enters., Inc. v. Pierce*, 750 S.W.2d 812, 813 (Tex. App.—Tyler 1988, orig. proceeding). A defective special appearance constitutes a general appearance. TEX. R. APP. P. 120a; *Allright, Inc. v. Roper*, 478 S.W.2d 245, 247 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ dism'd w.o.j.) ("[A] party appearing before a Texas Court in any capacity or condition except that prescribed by Rule 120a . . . invokes that court's jurisdiction."). Defective service of process must be challenged by a motion to quash. *See* TEX. R. CIV. P. 122; *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex. 1985). A curable defect in service of process does not defeat a nonresident's amenability to service of process and serves only to provide the non-resident defendant with more time to answer. *See id*. at 202; *see also* TEX. R. CIV. P. 122; *Wright v. Sage Eng'g, Inc*., 137 S.W.3d 238, 245 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

16

citation"; the Answer was delivered on June 12, 2006; and York's allegation that Taihu had failed to respond was "false." Further, after it answered, Taihu caused Dai Quinkang, an attorney licensed in China, to contact the trial court on Taihu's behalf regarding the trial court's docket control order and mediation. Taihu then filed an objection to mediation and a motion to dismiss the suit.

Taihu asserts that although it filed an answer and affirmatively defended against the underlying lawsuit, it did not do so through an attorney licensed in Texas. It argues thus that none of its actions constituted an appearance in the lawsuit. "Generally a corporation may be represented only by a licensed attorney." *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA.*, 937 S.W.2d 455, 456 (Tex. 1996); *Simmons, Jannace & Staff, LLP. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 79 (Tex. App.—Texarkana 2008, pet. denied) ("[A] nonattorney may not appear pro se on behalf of a corporation."); *Dell Dev. Corp. v. Best Indus. Uniform Supply*, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied).

Some state courts espouse the view that any action taken by a non-attorney on behalf of a corporation is incurable, constitutes a "nullity," and renders the proceedings void ab initio. *See Wetzel v. Schlenvogt*, 705 N.W.2d 836, 840–41 (N.D. 2005) (holding "all documents" signed by non-attorney on behalf of

17

corporation "void from the beginning"); *CLD Const., Inc. v. City of San Ramon*, 120 Cal.App.4th 1141, 1149–50 (1st Dist. 2004).

The majority of jurisdictions, however, hold that an action taken by a non-attorney on behalf of a corporation presents a curable defect and the corporation is to be granted a reasonable time to obtain counsel and make any necessary amendments. *Save Our Creeks v. City of Brooklyn Park*, 699 N.W.2d 307, 310 (Minn. 2005) ("The majority of jurisdictions that have considered the matter have followed the curable defect approach."); *Downtown Disposal Servs., Inc. v. City of Chicago*, 979 N.E.2d 50, 54–56 (Ill. 2012) (concluding "a per se nullity rule is unreasonable" and rejecting rule that "any act of legal representation undertaken by a non-attorney on behalf of a corporation renders the proceedings void ab initio"). These courts "liberally construe the rules of civil procedure and emphasize substance over form to advance the policy favoring resolution of cases on the merits." *See City of Chicago*, 979 N.E.2d at 55.

In *Kunstoplast*, the Texas Supreme Court, which has adopted the majority's "curable defect" approach, emphasized its "policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." 937 S.W.2d at 456. Texas law favors liberal amendment of pleadings and affording litigants the opportunity to cure defects in pleadings whenever possible. *KSNG*

18

*Architects, Inc. v. Beasley*, 109 S.W.3d 894, 899 (Tex. App.—Dallas 2003, no pet.).

A non-attorney's action taken on behalf of a corporation may be given effect if the act constitutes a "specific ministerial task." *Kunstoplast*, 937 S.W.2d at 456; *see also Serrano v. Pellicano Park, L.L.C.*, No. 08-12-00101-CV, 2014 WL 1266807, at *3–4 (Tex. App.—El Paso Mar. 28, 2014, pet. dism'd w.o.j.) ("A non-attorney is permitted to file documents on behalf of [a] corporation[] for limited purposes, but is still prohibited from representing the corporation in court proceedings."). For instance, a non-attorney may perfect an appeal on behalf of a corporation. *Kunstoplast*, 937 S.W.2d at 456.

Similarly, a non-attorney's answer on behalf of a corporation, although defective, prevents the trial court from granting a default judgment against the corporation. *See Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 209–10 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 715 (Tex. App.—Austin 2005, no pet.); *see also Kelly v. Hinson*, 387 S.W.3d 906, 912 (Tex. App.—Fort Worth 2012, pet. denied); *Home Savings of Am. FSB v. Harris Cnty. Water Control and Improvement Dist.*, 928 S.W.2d 217, 219 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("Texas appellate courts have been reluctant to uphold default judgments where some response is found in the record, even if the response is in the form of a

letter."); *R.T.A. Int'l v. Cano*, 915 S.W.2d 149, 150–51 (Tex. App.—Corpus Christi 1996, writ denied) (corporate representative's response letter to petition sufficient to defeat default judgment); *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56–57 (Tex. App.—San Antonio 1987, no writ) (concluding letter to trial court signed by corporate officer constituted answer).

After answering, however, a non-attorney cannot continue to represent the corporation. *See L'Arte De La Mode, Inc. v. Nieman Marcus Grp.*, 395 S.W.3d 291, 295 (Tex. App.—Dallas 2013, no pet.) (explaining non-attorney corporate representative could not object to evidence, cross-examine witnesses, or present argument). In *Custom-Crete, Inc. v. K–Bar Services, Inc.*, the court concluded that a letter filed by a corporation's vice president, although defective, constituted an answer. 82 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). When the vice-president later appeared at trial and announced ready to proceed, however, the trial court refused to allow him to participate and rendered a post-answer default. *Id.* at 659. The appellate court reversed, holding that the corporation was entitled to a new trial because the vice-president's belief that he could represent the corporation negated a finding of intentional conduct or conscious indifference. *Id.* at 660; *see also City of Chicago*, 979 N.E.2d at 57 (noting courts may consider circumstances, such as "whether the non-attorney's conduct [was] done without

20

knowledge that the action was improper, whether the corporation acted diligently in correcting the mistake by obtaining counsel, whether the non-attorney's participation is minimal, and whether the participation results in prejudice to the other party").

In the underlying case, non-attorney chairman Tizhong's answer on behalf of Taihu constituted an answer, with a deficiency subject to cure. *See Rabb Int'l, Inc.*, 346 S.W.3d at 210; *see also Pagel & Sons, Inc. v. Gems One Corp.*, No. 03-09-00138-CV, 2009 WL 3326111, *2–3 (Tex. App.—Austin Oct. 15, 2009, no pet.) (mem. op.). And "[t]he rule is well settled that 'a defendant who has entered an appearance . . . *is before the court for all purposes.*'" *Hous. Crushed Concrete, Inc.*, 879 S.W.2d at 260 (quoting *Warner v. Irving Lumber Co.*, 584 S.W.2d 893, 894 (Tex. Civ. App.—Dallas 1979, no writ)) (emphasis added); *see Ibrahim v. Young*, 253 S.W.3d 790, 801–02 (Tex. App.—Eastland 2008, pet. denied) (concluding if document constitutes answer for any purpose, it constitutes answer for all purposes); *West v. City Nat'l Bank of Birmingham*, 597 S.W.2d 461, 464 (Tex. Civ. App.—Beaumont 1980, no writ) (noting defendant who enters appearance by filing answer before court for all purposes and, by filing answer, submits to jurisdiction of court, even if not amenable to process at time of service). *But see Hock v. Salaices*, 982 S.W.2d 591, 594–95 (Tex. App.—San Antonio

21

1998, no pet.) (limiting liberal construction of "answer" to default judgment settings).

The trial court gave Taihu an opportunity to cure the defect by retaining counsel. And Taihu expressly refused, asserting that it was "unfair" to require it to "retain an attorney for York's frivolous claim." After the trial court concluded that Taihu had "wholly failed to comply" with its order to retain counsel, it rendered a default judgment against Taihu. *See, e.g.*, *Nat'l Fitness Co. v. ProCore Labs, LLC*, No. 3:11-CV-1352-L, 2013 WL 4546860, at *1 (N.D. Tex. Aug. 28, 2013) (noting trial court properly rendered default judgment against defendant after failure to comply with trial court's order to retain counsel to represent limited liability company). "A corporation that chooses to be represented in court by a non-attorney 'does so at its peril.'" *Ard v. Carrington*, No. 01-13-00067-CV, 2014 WL 1267004, at *3 (Tex. App.—Houston [1st Dist.] Mar. 27, 2014, no pet.) (mem. op.); *see Rabb Int'l, Inc.*, 346 S.W.3d at 211; *Dell Dev. Corp.*, 743 S.W.2d at 303 (noting "where a corporation chooses to represent itself through a non-attorney officer, it does so at its own risk").

Taihu asserts that "a party [who] becomes aware of the proceedings without proper service of process has 'no duty to act, diligently or otherwise.'" In support of its assertion, Taihu relies on *Ross v. National Center for the Employment of the Disabled*, 197 S.W.3d 795, 797–98 (Tex. 2006). In *Ross*, however, the court

22

explained that although those not properly served have no duty to act, "diligence is required from properly served parties *or those who have appeared*." *Id.* at 798 (emphasis added).

We conclude that Taihu filed an answer and therefore made an appearance in the underlying suit.[6] Thus, Taihu did have notice of the underlying lawsuit and was not relieved of conclusively establishing each of the bill-of-review elements. *See Mabon*, 369 S.W.3d at 812 (holding when bill-of-review plaintiff establishes "due process violation for no service or notice, it is relieved of proving the first two elements" and third element is conclusively established); *Felt v. Comerica Bank*, 401 S.W.3d 802, 807 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (concluding filing answer negated defendant's due process argument of no notice of lawsuit). Accordingly, we hold that the trial court did not err in denying Taihu summary judgment in its bill-of-review action. Moreover, because Taihu did not

---

[6]     When it first received notice of the underlying lawsuit, Taihu had several options: (1) it could have done nothing, if it was confident that service was defective, and presented its issue on appeal after default judgment was entered; (2) it could have objected to the manner of service by a motion to quash, thus invoking the court's jurisdiction; (3) it could have entered a special appearance under rule 120a, thus avoiding a general appearance if it was not amenable to service of process; or (4) it could have simply answered the petition and defended on the merits. Taihu chose to answer, and it cannot now, after voluntarily appearing, avoid the consequences of its choice. *See Pierce*, 750 S.W.2d at 814 (considering defendant foreign corporation allegedly not served in accordance with Hague Service Convention).

23

timely assert any of the bill-of-review elements, we hold that the trial court did not err in granting York summary judgment in Taihu's bill-of-review action.

We overrule Taihu's first and second issues.

### *Amended Bill-of-Review Petition*

In its third and fourth issues, Taihu argues alternatively that the trial court erred in granting York summary judgment because it did not consider its "alternative grounds," raised in its amended bill-of-review petition, that (1) if Taihu appeared in the underlying lawsuit, the default judgment entered against it constituted a "post-answer" default judgment or a discovery sanction without the consideration of lesser sanctions and (2) it could establish the "traditional" bill-of-review elements.

Because we have concluded that Taihu did not conclusively establish that it had no notice of the lawsuit, it was incumbent upon Taihu to plead and prove "(1) a meritorious defense to the underlying cause of action, (2) which [it was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence of [its] own part." *See Mabon*, 369 S.W.3d at 812. After the summary-judgment hearing, Taihu amended its petition to "alternatively assert" these bill-of-review elements. It also asserted that the default judgment in the underlying lawsuit constituted a discovery sanction without the consideration of lesser sanctions.

> Parties may amend their pleadings, provided
>
> that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX. R. CIV. P. 63. A summary-judgment hearing is a trial for purposes of rule 63. *Mensa-Wilmot v. Smith Intern., Inc*., 312 S.W.3d 771, 778 (Tex. App.—Houston [1st Dist.] 2009, no pet.). "Once the hearing date for a motion for summary judgment has passed, the movant must secure a written order granting leave in order to file an amended pleading." *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). "Unless the record shows that the trial court granted leave to [amend], the appellate court will assume leave was denied." *Id.* at 76. We do not consider an amended pleading filed after a summary-judgment hearing without the trial court's permission. *See Taylor v. Sunbelt Mgmt., Inc.*, 905 S.W.2d 743, 745 (Tex. App.—Houston [14th Dist.] 1995, no writ). And the summary-judgment movant need not amend or supplement its motion to address such an amended pleading. *Id*. A trial court considers the pleadings and summary-judgment evidence "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court." TEX. R. CIV. P. 166a(c).

Here, after the trial court held the summary-judgment hearing, Taihu filed its amended petition for bill of review, asserting the so-called "traditional" bill-of-review elements and that the trial court, before entering its default judgment in the underlying lawsuit, failed to hold an evidentiary hearing and consider lesser sanctions. However, nothing in the record indicates that the trial court granted Taihu leave or Taihu sought leave to amend its petition. Accordingly, we may not consider the "alternative grounds" that Taihu presented in its amended petition. *See Taylor*, 905 S.W.2d at 745.

We overrule Taihu's third and fourth issues.

**Conclusion**

We affirm the judgment of the trial court.



Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.