COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| | § | No. 08-17-00005-CV |
| IN RE: RAFAEL QUINONES AND YVONNE QUINONES, | § | AN ORIGINAL PROCEEDING |
| Relators. | § | IN MANDAMUS |
| | § | |
| | § | |

## O P I N I O N

Relators, Rafael Quinones and Yvonne Quinones, filed a mandamus petition against the Honorable Annabell Perez, Judge of the 41st District Court of El Paso County, Texas, asking that the Court order Respondent to set aside an order granting Patrick Waechter's motion to quash service. On February 28, 2017, we issued an opinion and judgment denying relief, but we subsequently granted Relators' motion for rehearing and withdrew the prior opinion and judgment. *In re Rafael Quinones and Yvonne Quinones, Relators*, No. 08-17-00005-CV, 2017 WL 769880 (Tex.App.--El Paso February 28, 2017, orig. proceeding). We conditionally grant mandamus relief.

## FACTUAL BACKGROUND

Relators filed suit against Patrick Waechter, an Allstate insurance adjuster, in his individual capacity. Relators served Waechter by certified mail at a California address shown on Waechter's

license.[1]  Waechter filed a motion to quash defective service asserting that he did not reside or work at the California address, and he requested that Relators be required to re-serve him.  The motion to quash is supported by Waechter's affidavit.  Waechter did not file a special appearance and he did not assert in his motion to quash that he is not amenable to process.  Relators filed a response stating that Waechter had not filed a special appearance under TEX.R.CIV.P. 120a and his motion to quash defective service constituted a general appearance in the case.  Respondent granted Waechter's motion and ordered Relators to re-serve Waechter.  Relators filed a mandamus petition asserting, as they did in the trial court, that Waechter had made a general appearance by filing the motion to quash service, and that the only remedy available to him was an extension of time under TEX.R.CIV.P. 122.  The Court gave Waechter an opportunity to file a response but none has been filed.

## GENERAL APPEARANCE

The issue in this original proceeding is whether Waechter made a general appearance by filing the motion to quash defective service and his supporting affidavit.

### *Standard of Review*

To be entitled to mandamus relief, a relator generally must meet two requirements. First, the relator must show that the trial court clearly abused its discretion.  *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004).  Second, the relator must demonstrate that there is no adequate remedy by appeal.  *Id*. at 135-36.

---

[1]  Relators assert that Waechter was served at his last known address as required by Section 19.906 of the Texas Administrative Code which requires that the State Board of Insurance have a current address.  *See* TEX.ADMIN.CODE § 19.906 ("Each agent shall at all times keep the State Board of Insurance informed of the agent's current address.  Such address shall be included in each license application and each license renewal form.  In the absence of the submission of a specific written request to change that address, which must be separate from any other submission, the agent's current address is presumed to be the address on the most recent license renewal or license application form, whichever is latest.  Such address shall be considered the agent's last known address for the purposes of notice to the agent by the board.").

*Clear Abuse of Discretion*

Relators concede that service was defective but argue that Waechter made a general appearance by filing a motion to quash defective service. Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court; and (2) if the defendant is amenable to the jurisdiction of the court, the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corporation v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985); *see Steve Tyrell Productions, Inc. v. Ray*, 674 S.W.2d 430, 434 (Tex.App.--Austin 1984, no pet.). Prior to the adoption of Texas Rule of Civil Procedure 120a, any appearance by a non-resident defendant was a general appearance which subjected the defendant to the jurisdiction of the court. *Kawasaki*, 699 S.W.2d at 201 (discussing *York v. State*, 73 Tex. 651, 11 S.W. 869 (1889) which established the "*York* rule"). Under the *York* rule, a non-resident defendant had two options: either appear and consent to jurisdiction or allow a default judgment to be taken and attack the Texas judgment as being void if the plaintiff brought suit in the defendant's state to enforce the judgment. *Id.* Under Rule 120a, a non-resident defendant is allowed to make a special appearance for the purpose of objecting to the jurisdiction of the court over the defendant on the ground that the defendant is not amenable to process issued by the courts of the state. TEX.R.CIV.P. 120a(1); *Kawasaki*, 699 S.W.2d at 201. The *York* rule is otherwise unchanged. *Kawasaki*, 699 S.W.2d at 201.

Waechter did not file a special appearance pursuant to Rule 120a or otherwise assert that he "is not amenable to process issued by the courts of this State." TEX.R.CIV.P. 120a. Consequently, the issue presented in this original proceeding relates solely to the notice element of personal jurisdiction. A challenge to a defect in the manner of service or process cannot be raised in a special appearance because a curable defect in service of process does not affect a non-

resident defendant's amenability to process issued by a Texas court. *See Kawasaki*, 699 S.W.2d at 201-02. The issue must instead be presented to the trial court by filing a motion to quash citation pursuant to TEX.R.CIV.P. 122. *Kawasaki*, 699 S.W.2d at 201-02.

Rule 122 of the Texas Rules of Civil Procedure provides:

If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him.

TEX.R.CIV.P. 122.

Waechter filed a motion to quash defective service pursuant to Rule 122, but by doing so he made a general appearance in the case and subjected himself to the jurisdiction of the court. *See* TEX.R.CIV.P. 122; *Onda Enterprises, Inc. v. Pierce*, 750 S.W.2d 812, 813 (Tex.App.--Tyler 1988, orig. proceeding). The only relief provided by Rule 122 is additional time to answer. *Kawasaki*, 699 S.W.2d at 202 ("Thus, a non-resident defendant, like any other defendant, may move to quash the citation for defects in the process, but his only relief is additional time to answer rather than dismissal of the cause."); *Onda Enterprises*, 750 S.W.2d at 813.

The trial court correctly determined that there was a defect in service, but the court clearly abused its discretion by ordering Relators to obtain a new citation and serve Waechter at a "proper address and/or location." The court's order is contrary to Rule 122 because Waechter is deemed to have entered his appearance "at ten o'clock a.m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed . . . ." *See* TEX.R.CIV.P. 122. Further, he is deemed to have been duly served such that he is required to appear and answer on that date. *Id.* Accordingly, we sustain the issue presented.

The trial court is directed to set aside the portion of the December 1, 2016 order which

requires Relators to obtain a new citation and serve Waechter at a "proper address and/or location." The writ of mandamus will issue only if Respondent does not act in accordance with this opinion and judgment in a reasonable period of time.

July 31, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.