**Dismissed and Opinion Filed October 5, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01011-CV

### CRITTER CONTROL, INC. AND KEVIN CLARK, Appellants

### V.

### GALT STRATEGIES, LLC, Appellee

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-05281**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Whitehill

This is an appeal from the trial court's interlocutory order denying Critter Control, Inc. and Kevin Clark's (collectively, "Critter Control") motion to withdraw and/or strike original answer in favor of a subsequently filed "special appearance and objection to jurisdiction and original answer subject thereto." Characterizing the order as an order denying the special appearance, Critter Control asserts this appeal is authorized by section 51.014(a)(7) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (a)(7) (West 2015). Disagreeing with Critter Control's characterization, Galt Strategies, LLC has filed a motion to dismiss the appeal for lack of jurisdiction.

We have jurisdiction to consider an immediate appeal of an interlocutory order only when authorized by statute. *See Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Because an appeal from an interlocutory order is an exception to the general rule that appeals may only be taken from final judgments, we strictly construe statutes authorizing interlocutory appeals. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007).

Section 51.014(a)(7) of the civil practice and remedies code allows an appeal from an interlocutory order granting or denying a special appearance of a defendant under rule 120a of the Texas Rules of Civil Procedure, except in a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (a)(7). Rule 120a allows a nonresident defendant to challenge the power of the trial court to exercise jurisdiction over his person or property. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985); *Trenz v. Peter Paul Petroleum Co.*, 388 S.W.3d 796, 805-06 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

A review of Critter Control's motion to withdraw and/or strike reveals argument only with respect to why the trial court should withdraw the original answer in favor of the subsequently filed special appearance. It does not address why the trial court lacks personal jurisdiction over it. Further, at the hearing on the motion, a record of which Galt attached to its motion to dismiss, the parties argued only whether the original answer should be withdrawn.

Galt's motion to dismiss has been on file for more than ten days, and no response from Critter Control has been filed. Because the record before us does not reflect the trial court considered the merits of the special appearance, we cannot agree section 51.014(a)(7) of the civil practice and remedies code authorizes this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7); *Koseoglu*, 233 S.W.3d at 841.

Accordingly, we grant Galt's motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).


151101F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CRITTER CONTROL, INC. AND KEVIN
CLARK, Appellants

No. 05-15-01011-CV     V.

GALT STRATEGIES, LLC, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-05281.
Opinion delivered by Justice Whitehill.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** appellee Galt Strategies, LLC recover its costs, if any, of this appeal from appellants Critter Control, Inc. and Kevin Clark.

Judgment entered October 5, 2015.