**DISSENT; Opinion Filed January 11, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00558-CV

**FOREVER LIVING PRODUCTS INTERNATIONAL, LLC, A NEVADA LIMITED LIABILITY COMPANY, AND ALOE VERA OF AMERICA, INC., A TEXAS CORPORATION, Appellants**

**V.**

**AV EUROPE GMBH, A GERMAN LIMITED LIABILITY COMPANY, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-00270**

## DISSENT FROM DENIAL OF EN BANC REHEARING

Before the Court sitting En Banc.
Opinion by Justice Schenck

I dissent from this Court's denial of appellee's motion for rehearing en banc because the panel opinion conflicts with an en banc decision of this Court and further because I have concerns with applying the "nerve center" test developed for use in determining federal diversity to the separate and distinct legal (constitutional) question of personal jurisdiction. The panel opinion deprives the defendant-appellee of both substantive and procedural protections contrary to the rights guaranteed by

the federal and state constitutions as read by our supreme court and this Court sitting en banc.

As a matter of substance, our supreme court has read the Texas long-arm statute to be co-extensive with the maximal limits of the federal constitutional requirements of due process. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985) (per curiam). The United States Supreme Court has recognized two due process warrants for application of a state's long-arm statute: (1) specific jurisdiction, which focuses on the strength of the nexus between the defendant, the forum, and the litigation; and (2) general jurisdiction, which requires no relationship to the litigation but obtains where the defendant's contacts with the forum are so continuous and systematic that a defendant should reasonably anticipate being sued there for any matter regardless of its connection with the forum. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007).

Our panel opinion finds general jurisdiction here, making the defendant subject to suit in Texas for all litigation regardless of its relation to this state. Thus, if a citizen in Germany should slip and fall on the steps of a property owned by the defendant-appellee this winter, our opinion would render Texas a constitutionally appropriate forum for the resulting suit.[1] This conclusion stems not from the volume

---

[1] Oddly, we arrive at this result as to a corporation that is dormant and not "doing business" anywhere within the literal text of our long-arm statute. *See Forever Living Prods. Int'l v. AV Europe GMBH*, No. 05-20-00558-CV, 2021 WL 3276876, at *4 (Tex. App.—Dallas July 30, 2021, no pet.) ("In approximately June 2018, AV Europe stopped conducting business."). As I understand it, we arrive at the conclusion that it is more engaged in the business of "not doing" business in Texas more than anywhere else because it

or quality of its forum contacts viz the foreseeability of litigation there so as to make all forms of litigation consistent with "fair play and substantial justice," but from the application of the "nerve center" test used in the federal diversity statute to deem the domicile of a corporation for purposes of federal subject matter jurisdiction. *E.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) ("A corporation's 'continuous activity of some sorts within a state,' . . . 'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945))).

As I understand the due process "fair play and substantial justice" standard adopted by the United States Supreme Court in *International Shoe* and borrowed in our long-arm statute, it poses a constitutional question of amenability to the demand of a government, state or federal, to appear and answer suit in its courts. *See Int'l Shoe*, 326 U.S. at 316. The federal diversity statute poses a totally distinct question of whether *subject matter* jurisdiction might obtain and thus whether suit might be brought in a federal, as opposed to state, court but in all events against parties who, obviously, are also subject to personal jurisdiction as both forms of jurisdiction are necessary. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)). Because federal and state courts alike may exercise *personal* jurisdiction over defendants

---

employs an agent who chose to make his home in Texas. *See id.* Presumably, if that same employee chose to live and remotely work from his lake house in Little Rock, Arkansas, his employer should anticipate being subject to a judgment in Arkansas as well as in Germany.

only in compliance with the due process limits, Congress (or courts) recognizing diversity jurisdiction based on deemed citizenship and, perhaps, even minimal diversity poses only a conflict between the federal and state systems, not a threat to the constitutional rights of the defendant to avoid an alien forum.

While the United States Congress can create diversity jurisdiction and deemed residences for purposes of recognizing federal subject matter jurisdiction,[2] it does not have the ability to reimagine the Due Process Clause to create personal jurisdiction over a foreign corporation. So far as I understand it, neither the Texas Legislature nor the United States Congress has purported in any legislative enactment to alter the reading of the Due Process Clause, nor could they. *See Marbury v. Madison*, 5 U.S. 137, 180 (1803); *see also Howlett v. Rose*, 490 U.S. 356, 357 (1990); *Cooper v. Aaron*, 358 U.S. 1, 16–17 (1958). Because personal jurisdiction is solely a federal constitutional due process issue, the answer to that question is to be found in the U.S. reports, not the U.S. Code. Looking to those pages, the answer here is clear. *See Int'l Shoe*, 326 U.S. at 316.[3]

---

[2] Ironically, the broad federal control over diversity jurisdiction extends most liberally to aliens precisely because of the fear of offending foreign sovereigns by subjecting their citizens to suit in local tribunals. Kevin R. Johnson, *Why Alienage Jurisdiction? Historical Foundations and Modern Justifications for Federal Jurisdiction over Disputes Involving Noncitizens*, 21 YALE J. INT'L L. 1, 10–16 (1996). Deeming such defendants to be amenable to suit in state court because federal subject matter jurisdiction would recognize a federal forum to protect them from suit in state court seems to put matters backwards.

[3] It seems to be a trend among lower courts to apply the nerve center test to the question of general jurisdiction. *See* D.E. Wagner, Hertz *So Good: Amazon, General Jurisdiction's Principal Place of Business, and Contacts Plus As the Future of the Exceptional Case*, 104 CORNELL L. REV. 1085, 1106 (2019). Nevertheless, answering one question by asking a different question does not advance the analysis.

Separate and apart from the substantive question, the effort to subject this defendant to suit in Texas raises procedural concerns that have been long settled by our supreme court and were recently addressed by this Court sitting en banc that foreclose the notion that a defendant is to be subjected to jurisdiction on grounds neither alleged in the petition nor supported by proof on disposition of the special appearance challenge. Nowhere in the petition is general jurisdiction asserted, nor is there any reference to "continuous and systematic contacts" with Texas.[4] Instead, because the appellant-defendant went to the effort of addressing and offering proof that it was *not* subject to general jurisdiction in challenging jurisdiction, the panel held the defendant to the burden to disprove all potential bases (pleaded or not) for that exercise, rather than simply asking whether the appellant-defendant successfully negated or disproved the jurisdictional facts *alleged in the petition.*

This burden assumption is contrary to what I understood to be our en banc holding that "the plaintiff must meet its initial burden on special appearance by pleading, *in its petition*, sufficient allegations to invoke jurisdiction under the Texas long-arm statute." *See Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 129 (Tex. App.—Dallas 2021, no pet.) (en banc) (emphasis in original); *see also Forever Living Prods. Int'l*, 2021 WL 3276876, at *2. In other words, if the plaintiff has not alleged jurisdictional facts, a defendant is not obliged to anticipate and

---

[4] *See Forever Living Prods. Int'l*, 2021 WL 3276876, at *4 (construing petition's allegation that appellant is "operating in Dallas County" to be "broad enough to encompass the premise that AV Europe's nerve center is in Texas").

–5–

disprove them, or render itself subject to an exercise of personal jurisdiction for having sought to disprove a basis for jurisdiction that is not alleged by introducing some evidence to negate it at the peril of the court identifying others. Under *Moki Mac*, the burden of establishing jurisdiction always remains on the plaintiff, and the burden of producing evidence may switch to the defendant where the plaintiff has made an allegation giving rise to a presumption. *See Saidara*, 633 S.W.3d at 140 (Schenck, J., concurring) (citing *Moki Mac*, 221 S.W.3d at 574).

### CONCLUSION

Because the Court's opinion expands congressional power over federal subject matter jurisdiction beyond its constitutional scope and conflicts with prior en banc precedent, I dissent from the Court's denial of the request for en banc reconsideration.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200558DF.P05